ELEANOR P. DUNCAN vs. SCHOOL COMMITTEE OF SPRING-
FIELD.

Hampden.     September 23, 1954. — November 18, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Mandamus. School and School Committee. Retirement. Pleading, Civil,*
*Demurrer.*

An assertion in the petition in a mandamus proceeding that a summary
of certain facts made by the respondents was not "a fair summary"
stated a general conclusion not admitted by a demurrer to the peti-
tion.  [741]
A public school teacher employed at discretion, who, after being dis-
charged by the school committee, did not avail herself of the remedy
of a hearing by the teachers' retirement board and review by a District
Court provided her by G. L. (Ter. Ed.) c. 32, § 16 (2), as appearing
in St. 1951, c. 784, § 2, and (3), as appearing in St. 1945, c. 658, § 1,
could not maintain a mandamus proceeding against the school com-
mittee to secure her reinstatement.  [741–742]
After a school committee pursuant to G. L. (Ter. Ed.) c. 32, § 16 (2), as
appearing in St. 1951, c. 784, § 2, had filed with the teachers' retire-
ment board a written notice of the committee's discharge of a teacher
employed at discretion and had given the teacher notice of her right
to a hearing before the board, a decision by the board was not required
in the absence of a request by her for such a hearing, nor did the want
of a decision in such circumstances improperly deprive her of the
right to a review by the District Court provided by § 16 (3), as ap-
pearing in St. 1945, c. 658, § 1.  [742]

PETITION, filed in the Supreme Judicial Court for the
county of Hampden on June 30, 1953.

The case was transferred to the Superior Court and heard
by *Forte,* J., on demurrer.

In this court the case was submitted on briefs.

*Joseph E. Kerigan,* for the petitioner.

*Charles D. Sloan,* City Solicitor, for the respondent.

WILLIAMS, J.  This is a petition for a writ of mandamus,
the allegations of which may be briefly summarized as fol-
lows: The petitioner is a school teacher and for many years

has been employed at discretion in the public schools of Springfield (G. L. [Ter. Ed.] c. 71, § 41, as amended). The respondents are members of the school committee of that city. On March 16, 1953, the petitioner was notified by the superintendent of schools that the school committee on March 13, 1953, had voted to dismiss her for insubordination and to suspend her as of March 11, 1953. On March 26 she asked for a written statement of the charges preferred against her and for a hearing before the school committee. On April 1 she was furnished a statement of the charges. A hearing was held on April 22, at which hearing both the school committee and the petitioner presented evidence on the issue whether she had been insubordinate as charged, in refusing to supervise school children during her lunch hour. On May 14 she was notified by the committee that on May 8 the committee found that she had wilfully and knowingly disobeyed the rules and directives of the committee and that it was unanimously voted to dismiss her. In the letter it was said: "You are further notified of the following rights provided by Chapter 32, Section 16, as amended, of the General Laws: 1. You may, within fifteen (15) days of the receipt of this letter, request in writing a private or public hearing before the Teachers' Retirement Board. 2. If dissatisfied with the action of the Teachers' Retirement Board, you may, within thirty (30) days after certification of its decision, bring a petition in the district court for a review of such action. 3. In the event of failure of the Teachers' Retirement Board to act on your request for a hearing or to render a decision within the time specified by law, you have the right to appeal to the Contributory Retirement Appeal Board." On May 16, 1953, the respondents filed with the teachers' retirement board a written notice containing a summary of the facts upon which the action of the respondents was based. Said summary was not a fair summary "of the facts herein involved." The teachers' retirement board has failed to take any action and has failed to make a certification of its decision as required by law. As a result thereof, the petitioner "has

been deprived of any complete and adequate remedy for the preservation of her rights except by this petition for mandamus." The petition concludes with a prayer for her reinstatement as teacher in the public schools.

The respondents demurred, principally on the ground that "A writ of mandamus will not lie where the person seeking the writ has not pursued an adequate, available and appropriate administrative remedy." A judge of the Superior Court ordered the respondents' demurrer sustained and reported the question of the correctness of his action to this court.

It is provided by G. L. (Ter. Ed.) c. 32, § 16 (2), as appearing in St. 1951, c. 784, § 2, that the removal or discharge of a teacher (with the standing of the petitioner) "shall not become effective unless and until a written notice thereof containing a fair summary of the facts upon which such action was based has been filed with the [teachers' retirement] board. The procedure set forth in subdivision (1) of this section relative to delivery of copies, statement of service thereof, notice, hearing if requested, and the filing of a certificate of findings and decision, so far as applicable, shall apply to all proceedings involving such removal or discharge. Unless the board shall find that such removal or discharge was justified, such member [of the retirement system] shall forthwith be restored to his office or position without loss of compensation." Subdivision (1) of § 16, as appearing in St. 1945, c. 658, § 1, to which reference is made in subdivision (2), relates to the application by the head of a department for the involuntary retirement of an employee. It provides in subsection (a) that the employee shall be notified of his right to request a hearing on the application, and in subsection (b) that the employee "may, within fifteen days of the receipt of his copy of such application, file with the board a written request for a private or public hearing upon such application. If no such request is so filed, the facts set forth in such application shall be deemed to be admitted by such member; otherwise such hearing shall be held not less than ten nor more than thirty

days after the filing of the request. The board, after giving due notice, shall conduct such hearing in such manner and at such time or times as the best interests of all parties concerned may require. The board shall prepare and file with its clerk or secretary a certificate containing its findings and decision, copies of which shall be sent to the proper parties within fifteen days after completion of such hearing."

Subdivision (3) of § 16, as appearing in St. 1945, c. 658, § 1, provides that one who is aggrieved by any action taken or decision of a board rendered with reference to his involuntary retirement under the provisions of subdivisions (1) and (2) "may, within thirty days after the certification of the decision of the board, bring a petition in the district court . . . praying that such action and decision be reviewed by the court."

The authority of a school committee to discharge a teacher in the public schools is found in G. L. (Ter. Ed.) c. 71, § 42, as amended. One of the stated causes for discharge is insubordination. There is no allegation in the petition either express or implied that the school committee has failed to follow the procedure required by the statute. The assertion that the summary of facts filed with the retirement board was not "a fair summary of the facts herein involved" states a general conclusion which is not admitted by the demurrer. *Doherty* v. *Commissioner of Insurance*, 328 Mass. 161, 163, and cases cited. It is therefore unnecessary to decide whether it amounts to an averment that the committee did not furnish the board with a fair summary of the facts upon which their action was based.

The fatal defect in the petition is that the petitioner has not alleged that after she was notified of the action of the committee she requested a hearing by the teachers' retirement board in accordance with the provisions of § 16. The Legislature has provided a comprehensive method by which a teacher, who claims to be aggrieved by the action of a school committee, may test the propriety of such action first before the retirement board and secondly before a District Court. It is settled that a writ of mandamus is

not available to one who will not or does not adopt the statutory method afforded for his relief. *Ullian* v. *Registrar of Motor Vehicles*, 325 Mass. 197. *Rines* v. *Justices of the Superior Court*, 330 Mass. 368. The petitioner takes the position that she is not affected by this rule because the retirement board has erroneously failed to make and certify a decision in her case and thereby she has been deprived of the opportunity of seeking a review in the District Court. See *Peckham* v. *Mayor of Fall River*, 253 Mass. 590, 592; *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111, 116; *Henderson* v. *Mayor of Medford*, 320 Mass. 663, 667–668. We find nothing in the statute which requires any decision by the board in a matter concerning which a hearing has not been requested by the party allegedly aggrieved. The provisions of (1) (b) which are incorporated by reference in (2) "so far as applicable" provide for the certification of the findings and decision of the board after completion of "such hearing." Those words mean the hearing which has been requested. The last sentence in (2), "Unless the board shall find that such removal or discharge was justified, such member shall forthwith be restored to his office . . .," refers, we think, only to a finding made as a result of such hearing. In view of the broad powers historically vested in school committees it would require a clearer indication of legislative policy than is evidenced by the retirement statute to persuade us that automatic review by the retirement board of school committee action was intended. See *Davis* v. *School Committee of Somerville*, 307 Mass. 354, 362–363.

*Order sustaining demurrer affirmed.*
*Judgment for the respondents.*