MARY E. GAVIN *vs.* ORVILLE S. PURDY & others.

Suffolk.   December 5, 1956. — January 7, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Mandamus. Corporation*, Stockholder, Records. *Pleading, Civil*, Petition, Demurrer. *Practice, Civil*, Judgment ordered in Supreme Judicial Court.

A mandamus proceeding cannot be maintained by a stockholder of a corporation to compel the exhibition for inspection of books and records as to which he has the remedy of a suit in equity under G. L. (Ter. Ed.) c. 155, § 22, as amended.   [237–238]

A demurrer properly was sustained to a petition for a writ of mandamus by a stockholder of a corporation to compel it to exhibit for inspection its list of stockholders and all its books and records where the petition merely alleged that funds of the corporation were being misused by payments for services and expenses for the defence of its directors and of another corporation in certain litigation, that the petitioner wished to examine the books and records "to determine the extent and evidence of the improper disbursement and waste of funds . . . for the purpose of taking whatever action is deemed proper . . . for the protection" of her stock in the corporation and of the corpora-

tion itself, that the petition was brought "in good faith for the protection of" the corporation and of the petitioner's own interest, and that she desired "to ascertain the condition of the . . . business." [238–239]

On an appeal from an order sustaining a demurrer to an amended petition for a writ of mandamus, where it did not appear that the petitioner was given further leave to amend, this court, after deciding that the demurrer was sustained properly, affirmed the order and ordered judgment for the respondent. [239–240]

PETITION, filed in the Superior Court on January 23, 1956, and afterwards amended.

The case was heard by *Cahill,* J., on demurrers to the amended petition.

*Joseph G. Kelly,* (*Max Kabatznick* with him,) for the petitioner.

*Arthur M. Gilman,* (*Joseph A. Greer* with him,) for the respondents.

CUTTER, J. This is an amended petition by a stockholder for a writ of mandamus to compel the respondent Purdy, clerk and a director of The Moxie Company (hereinafter called Moxie), a Massachusetts corporation, and also that corporation itself and its transfer agent, Old Colony Trust Company, to permit examination of the list of stockholders and of all books and records of the corporation. The respondents all filed demurrers, varying slightly from one another, which stated in substance (a) that the petition, so far as it deals with certain records, cannot be maintained because an adequate statutory remedy exists under G. L. (Ter. Ed.) c. 155, § 22, as amended by St. 1954, c. 50, hereinafter called § 22; (b) that the amended petition is too broad and fails to inform the respondents of the records sought; and (c) that the petition is insufficient to warrant relief by mandamus. The demurrers of all three respondents were sustained. The petitioner has appealed.

1. Section 22, as amended, affords the petitioner an adequate statutory remedy by bill in equity with respect to the books and records specified by that section. *Hanrahan* v. *Puget Sound Power & Light Co.* 332 Mass. 586. See also *Shea* v. *Parker,* 234 Mass. 592; *Dennison* v. *Needle,* 274 Mass.

416. So far as the present petition for a writ of mandamus seeks such records, the petition cannot be maintained, for mandamus is not to be employed where there is an adequate statutory remedy. See *Amory* v. *Assessors of Boston,* 306 Mass. 354, 357–358, *S. C.* 309 Mass. 162; *Rines* v. *Justices of the Superior Court,* 330 Mass. 368, 371–372, appeals dismissed 346 U. S. 919, rehearing denied 347 U. S. 908; *Duncan* v. *School Committee of Springfield,* 331 Mass. 738, 741–742.

2. Apart from any references to the records (basic corporate organization papers, amended by-laws, records of stockholders' meetings, and stockholders' lists) as to which the appropriate relief, if any, must be under § 22, the amended petition asserts only (a) on information and belief that funds of Moxie are being misused by payments for services and expenses for the defence of the directors and of American Distilling Company[1] in certain litigation against them, respectively, and in other litigation, and (b) that the petitioner wishes to make an examination of the books and records of Moxie "to determine the extent and evidence of the improper disbursement and waste of funds . . . for the purpose of taking whatever action is deemed proper . . . for the protection" of the petitioner's stock in Moxie and of Moxie itself. The petitioner also alleges that the petition is "brought . . . in good faith for the protection of . . . Moxie . . . and her own interest and [that she] desires to ascertain the condition of the . . . business." The petition is vague and indefinite in the extreme and contains no allegations of fact which would give the respondents the reasonable specification, to which the respondents are entitled, of the records which the petitioner wishes to examine, the circumstances which lead to the request, the period of time which is relevant, and the facts bearing upon whether the proposed examination is in the interests of Moxie.

The common law right of examination of corporate rec-

---

[1] The petition does not make clear what the relation of American Distilling Company is to Moxie, although there is a blind, ambiguous reference in one paragraph of the petition to a "dominant stockholder" of Moxie.

ords is not unlimited.   It cannot "be exercised for mere
curiosity, or for merely speculative purposes, or vexatiously.
If the court is appealed to for the enforcement of the right,
a sound discretion[1] will be exercised to determine whether
the petitioner is acting for an honest purpose, not adverse
to the interests of the corporation.   The court will consider
whether his desire for an examination is reasonable, having
reference to the interests of the corporation and his personal
interest as a member of it.   Its effect upon the corporation
in reference to competitors and other interests will not be
disregarded." *Varney* v. *Baker*, 194 Mass. 239, 241.   "And
ordinarily relief by mandamus is not given unless it appears
that the interest or rights of the petitioner as a stockholder
are likely to be seriously prejudiced and affected." *Shea* v.
*Parker*, 234 Mass. 592, 594.   *Albee* v. *Lamson & Hubbard
Corp.* 320 Mass. 421, 424, and cases cited.   See *Hanrahan* v.
*Puget Sound Power & Light Co.* 332 Mass. 586, 588, and
general note in 15 A. L. R. (2d) 11–94.

There is little more in the allegations of this petition, to
inform Moxie and its officers of the scope of the desired
examination, than that the petitioner wishes to examine
records, the scope and character of which are not defined,
for a purpose only vaguely connected with certain pending
litigation, the character of which is only indefinitely stated
in the petition.   Such a petition does not state a basis for
the broad relief here sought by mandamus.   See *Albee* v.
*Lamson & Hubbard Corp.* 320 Mass. 421, 424–425.   The
very general allegations of good faith on the part of the
petitioner in seeking relief and of misuse of corporate funds
by Moxie or its directors are conclusions not admitted by
demurrer.   See *Duncan* v. *School Committee of Springfield,*
331 Mass. 738, 741.   The demurrers were properly sus-
tained.   It does not appear that the petitioner, after the
demurrers to the amended petition had been sustained, was
given any further leave to amend and it is appropriate to

---

[1] Here, since the case comes up on demurrer, elements of discretion have
not been taken into account in examining the allegations of the petition.   See
*Hendrick* v. *West Roxbury Co-operative Bank*, 325 Mass. 671, 674–675.

enter judgment for the respondents. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 61–63. *Bowles* v. *Clark,* 326 Mass. 31, 34. The respondents' request for double costs is granted. G. L. (Ter. Ed.) c. 211, § 10.

> *Orders sustaining demurrers affirmed with double costs of the appeal to the respondents.*
>
> *Judgment for the respondents.*