WILLIAM J. VAUGHAN & others *vs.* MAX'S MARKET, INC.

Suffolk.   November 9, 1961. — December 21, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Equity Pleading and Practice*, Parties, Suit to abate nuisance, Bill.

By reason of the express requirement of G. L. c. 139, § 7, the record owner
of premises on which an alleged liquor nuisance is maintained by
another is an indispensable party to a suit in equity under § 16A to
abate the nuisance.   [395–396]

A bill in equity brought under G. L. c. 139, §§ 16A, 7, by more than ten
legal voters of a city to abate a liquor nuisance need be verified by the
oath of only one of the plaintiffs.   [396]

BILL IN EQUITY, filed in the Superior Court on January
13, 1960, by more than ten legal voters of the city of Boston.

The suit was heard on a demurrer and a plea in bar by
*Kirk, J.,* and on the merits by *Wisnioski, J.*

*James W. Kelleher, (Daniel F. Leary* with him,) for the
plaintiffs.

*Charles J. Wilkins, (William F. Brophy* with him,) for
the defendant.

WHITTEMORE, J.   The plaintiffs, acting under G. L. c. 139,
§ 16A, seek to restrain the sale of liquor at 210 Cambridge
Street, Boston, within 500 feet of a church or school, in
violation of G. L. c. 138, § 16C.   The bill alleges that prior
to February 27, 1959, the defendant, Max's Market, Inc.
(Max), held a malt and wine license for premises at 171–
173 Cambridge Street, which are 390 feet from a school and
530 feet from a church; on December 17, 1959, the Boston
Licensing Board had purported to grant Max's application
to transfer the license to 210 Cambridge Street, within 200
feet of the school and 300 feet of the church, and, on Decem-
ber 28 had purported to renew the transferred license for
1960; the Alcoholic Beverages Control Commission had
purported to approve the renewal.

The defendant appeals from the interlocutory decrees overruling its demurrer and plea in bar. The plaintiffs appeal from the final decree, after hearing on the merits, which dismissed the bill.

The demurrer specified the non-joinder of the owner of the premises under G. L. c. 139, § 7, and the failure of more than one plaintiff to verify the bill.

The plea in bar set out that the premises at 210 Cambridge Street, prior to January 1, 1956, the effective date of G. L. c. 138, § 16C, inserted by St. 1954, c. 569, were "legally and duly" licensed for the sale of alcoholic beverages so that by St. 1954, c. 569, § 2, the provisions of G. L. c. 138, § 16C, are inapplicable.[1]

There is no showing of any findings of facts upon the hearing of the plea in bar. The report of material facts, filed after the hearing on the merits, includes these findings: Max's license for 171–175 Cambridge Street had been obtained several years prior to January 1, 1956, the effective date of St. 1954, c. 569; in 1959 those premises were taken by public authority; action had been taken, as alleged, to transfer the license to 210 Cambridge Street, "also within 500 feet of a church or school"; in 1935 and 1936 the latter premises had been licensed for the sale of alcoholic beverages.

1. The demurrer should have been sustained. General Laws c. 139, § 16A, as amended by St. 1934, c. 328, § 12, provides that upon a bill in equity alleging that "a building, place or tenement situated therein is being used for the

[1] Statute 1954, c. 569, provides: "Section 1. Chapter 138 of the General Laws is hereby amended by inserting after section 16B the following section:— Section 16C. Premises, except those of an innholder, located within five hundred feet, measured along public ways, of a church or school shall not be licensed for the sale of alcoholic beverages; but this provision shall not apply to the transfer of a license from premises located within the said distance to other premises located therein, if it is transferred to a location not less remote from the nearest church or school than its former location. . . .

"Section 2. The provisions of section sixteen C of chapter one hundred and thirty-eight of the General Laws, inserted by section one of this act, shall not apply to premises which, prior to the effective date of this act, or prior to the establishment of a church or school within five hundred feet thereof, were licensed for the sale of alcohol beverages.

"Section 3. This act shall take effect on January first, nineteen hundred and fifty-six."

illegal keeping, sale or manufacture of alcoholic beverages . . . the superior court may abate the same as a common nuisance and may enjoin the person conducting or maintaining the same, and the owner, lessee or agent of the building, place or tenement . . . , and, subject to the provisions hereinafter contained, may order the effectual closing . . . [thereof], and the prohibition of its use for any purpose for one year thereafter. Proceedings . . . shall be in the manner provided in sections seven to twelve, inclusive, except that the provisions of section nine regulating the closing . . . and the prohibition of its use for any purpose for one year . . . shall not apply, and in lieu thereof the court may include in its decree an order for such closing and prohibition, if it appears that prior thereto and within the preceding three years there shall have been three convictions for . . . sale, or keeping, or manufacture . . . or three decrees for a permanent injunction . . . .'' Section 7 of c. 139 provides that the ''bill of complaint shall join the owner of record of the premises as a party respondent.''

There is nothing in the plaintiffs' contention that § 7 should be construed to be inapplicable. The mandate to join the owner is clear and unequivocal. It is not rendered inapplicable by the fact that in this case the premises could not be closed by decree. The owner is conceivably interested in each of the three proceedings which could lead to an order closing the premises; he is in any case interested in the unavailability of his premises for one kind of use; we may not disregard such an express requirement of the statute merely because it appears of slight advantage to the party thus given a right to be heard.

There is nothing in the ground of demurrer that the bill must be verified by the oath of each plaintiff.

2. The plaintiffs contend that St. 1954, c. 569, § 2, is intended only as a grandfather clause to shield from the operation of G. L. c. 138, § 16C, the right of renewal inherent in existing licenses of premises within 500 feet of a church or school, and that it is inapplicable to the premises

at 210 Cambridge Street. The suggestion is that an earlier, expired, license for those premises is an insufficient basis for classifying those premises differently from other nearby premises. Statutes are to be so construed as to avoid an unconstitutional result or the likelihood thereof. *Kennedy* v. *Commissioner of Corps. & Taxn.* 256 Mass. 426, 430, and cases cited. *Ferguson* v. *Commissioner of Corps. & Taxn.* 316 Mass. 318, 323–324, and cases cited. *Worcester County Natl. Bank* v. *Commissioner of Banks,* 340 Mass. 695, 701, and cases cited. *Loriol* v. *Keene, ante,* 358, 363. It may be noted also that the omission to include St. 1954, c. 569, § 2, in § 16C as inserted in G. L. c. 138 suggests an intention that § 2 have a limited application.

Although this issue has been fully argued, we must reserve it, for the owner of the premises is entitled to be heard in respect thereof.

3. The interlocutory decree overruling the demurrer is reversed and a decree sustaining it is to be entered. The interlocutory decree overruling the plea in bar and the final decree are vacated. A motion to amend the bill to join the owner may be filed in the Superior Court within thirty days of rescript and, if it is allowed, the case shall be in order for hearing on the plea in bar. If the motion to amend is not so filed, or if so filed is not allowed, in the Superior Court, a final decree is to be entered dismissing the bill for want of a necessary party.

*So ordered.*