JOSEPH F. CLEARY *vs.* LICENSING COMMISSION OF CAMBRIDGE & others.

Middlesex.    December 4, 1962. — December 20, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Nuisance. Mandamus. Alcoholic Liquors,* License, Nuisance.

One alleging that he was "an inhabitant, voter and taxpayer" of a city but not alleging that he suffered any special or peculiar damage had no standing to seek to abate the common nuisance resulting from illegal operation of a liquor store under an invalidly transferred license. [259]

There was no merit in contentions by a citizen that, although a transfer of a liquor license was illegal, no common nuisance resulted where liquor was not actually being sold, and that he was entitled to a writ of mandamus to compel the local licensing commission to perform its public duty of revoking its approval of the transfer.    [259–260]

G. L. c. 139, § 16A, providing for the bringing of a bill in equity by designated persons for the abatement of a common liquor nuisance, precludes maintenance of a mandamus proceeding for that purpose.    [260]

PETITION for a writ of mandamus filed in the Superior Court on May 9, 1962.

Demurrers to the petition were overruled by *Rose, J.,* and the respondents appealed.

After a trial on the merits the petition was dismissed by *Brogna, J.,* and the petitioner appealed.

*George A. McLaughlin (Arthur M. Gilman* with him) for the petitioner.

*Julius H. Soble (Joseph Kruger* with him) for Cardullo's, Inc.; *James F. Fitzgerald,* for Silveira's Liquor Store, Inc., and *Richard D. Gerould,* City Solicitor, for Licensing Commission of Cambridge, also with him.

SPIEGEL, J. This is a petition for a writ of mandamus to compel the respondent licensing commission "to refuse to issue or authorize and to revoke any approval or authorization that may have already been issued by . . . [it] for the transfer of a license issued pursuant to the provisions of G. L. c. 138, sec. 15, from [the respondent] Silveira's Liquor Store, Inc., 291–293 Cambridge Street in the City of Cambridge, to [the respondent] Cardullo's, Inc., situated at 6–7 Brattle Street in the City of Cambridge."

The respondents demurred on four grounds. Two of them were to the effect that the Legislature has provided an adequate statutory remedy and that the petitioner has no standing to bring the petition. The demurrers were overruled, and the respondents appealed.

The case was subsequently tried on the merits and the petitioner appealed from an order of the Superior Court dismissing his petition.

The petitioner has alleged substantially the following. He is an inhabitant, voter, and taxpayer in the city of Cambridge. On or about September 18, 1961, Silveira's Liquor Store, Inc., the holder of a license "for the sale of alcoholic beverages not to be drunk on the premises," filed an application with the licensing commission for a transfer of (1) the license itself and (2) a transfer of the location to Cardullo's, Inc., a retail store in Cambridge. After a hearing the commission failed to grant approval of the transfer. On or about March 28, 1962, Silveira's Liquor Store, Inc., again applied to the commission for approval of the same transfer and on April 25, 1962, the commission, by a majority vote, approved the transfer.

The petition also alleges, in substance, that the commission's approval of the transfer of the license was illegal for the following reasons: (1) by virtue of G. L. c. 138, § 67, the commission had no authority to receive the new application for transfer on March 28, 1962, since this application was filed "within one year from the date of the last prior application" of September 18, 1961; (2) the location to which the license is to be transferred is within 500 feet of

two churches and thus the transfer to this location is prohibited by G. L. c. 138; (3) G. L. c. 138, § 12 and § 17, "directly prohibit the issuance of a package goods store license to persons, firms or corporations already holding licenses for beverages to be drunk on the premises and provide that no person, firm, corporation, association or other combination of persons, directly or indirectly, or through any agent, employee, stockholder, officer or other person, or any subsidiary whatsoever, licensed under the provisions of G. L. c. 138, §§ 15, 18 or 19, shall be granted a license under the provisions of G. L. c. 138, § 12," that Frank A. Cardullo recently transferred his stock interest in Cardullo's, Inc., to his twenty-two year old son, without consideration, and is the "true person" who will own, control and operate Cardullo's, Inc., that he is the only person having an interest in two other licensed corporations, and that "therefore . . . the transfer of . . . [the license in question] . . . is in violation of the provisions" of G. L. c. 138, §§ 12, 17.

General Laws c. 139, § 14, provides that a building or place used for the illegal keeping or sale of alcoholic beverages "shall be deemed a common nuisance." It is well established in this Commonwealth that, unless special or peculiar damage is shown, a private citizen cannot bring mandamus to abate a common or public nuisance. *Warner* v. *Mayor of Taunton,* 253 Mass. 116, 118. See *Cape Cod S.S. Co.* v. *Selectmen of Provincetown,* 295 Mass. 65, 69. In the case of a common or public nuisance without special private injury, the Attorney General is the proper person to procure its abatement. *Dartmouth* v. *Silva,* 325 Mass. 401, 404. *Massachusetts Soc. of Optometrists* v. *Waddick,* 340 Mass. 581, 585–586. In the case before us the petitioner has not alleged any special or peculiar damage but merely that he is "an inhabitant, voter and taxpayer in the City of Cambridge." See *Springfield Hotel Assn. Inc.* v. *Alcoholic Beverages Control Commn.* 338 Mass. 699, 703, wherein it was held that "[t]he fact that a petitioner may suffer from business competition gives him no standing." The petitioner's contention that, although approval of the transfer

had been made, no nuisance existed because liquor was not actually being sold is unsound. Even if it can be said that the full measure of mischief had not yet occurred in this case, the Attorney General is entitled to seek to enjoin acts, the necessary effect of which "will be to create a public nuisance." *Attorney Gen.* v. *Jamaica Pond Aqueduct Corp.* 133 Mass. 361, 363.

The cases cited by the petitioner to the effect that a private party may bring mandamus to enforce the performance by public officers of a public duty are inapplicable as they do not involve common or public nuisances.

Additionally, "[i]t is an elementary principle that mandamus will not lie where there is available another and effective remedy. *Iannelle* v. *Fire Commr. of Boston,* 331 Mass. 250, 253. *Duncan* v. *School Comm. of Springfield,* 331 Mass. 738, 741–742. *Gavin* v. *Purdy,* 335 Mass. 236, 238." *Madden* v. *Secretary of the Commonwealth,* 337 Mass. 758, 761. General Laws c. 139, § 16A,[1] provides for the abatement and enjoining of such a common nuisance by way of a bill in equity brought by not less than ten legal voters of a town or city in their own names. See *Largess* v. *Nore's, Inc.* 341 Mass. 438; *Vaughan* v. *Max's Mkt. Inc.* 343 Mass. 394. Had the petitioner not wished to rely upon the Attorney General, we are aware of no reason why there was not a proper and adequate statutory remedy in G. L. c. 139, § 16A. The respondents' demurrers should have been sustained.

> *Order overruling demurrers reversed.*
> *Order dismissing petition affirmed.*

---

[1] Section 16A reads in part, "Upon a bill in equity brought in the name of the commonwealth by the attorney general, or district attorney for the district, or the chief of police, or the board or officer having control of the police of the state, or of a town or city, *or by not less than ten legal voters of a town or city, in their own names,* stating that a building, place or tenement situated therein is being used for the illegal keeping, sale or manufacture of alcoholic beverages . . . the superior court may abate the same as a common nuisance and may enjoin the person conducting or maintaining the same . . ." (emphasis supplied).