Fabricant, Judith, J.
INTRODUCTION
Donald Gent brings this action pursuant to G.L.c. 156D, §16.02, seeking access to books and records of the defendant corporation, Teradyne, Inc. The case is before the court on Teradyne’s motion to dismiss Gent’s complaint pursuant to Mass.R.Civ.P. 12(b)(6). After hearing and for the reasons that will be explained, Teradyne’s motion will be denied.
BACKGROUND
The allegations of the complaint, with appended exhibits, provide the following background. Gent is a shareholder of Teradyne. On August 1, 2007, Gent served on Teradyne a written demand to inspect and make copies of certain books and records. Gent’s letter, appended as an exhibit to the complaint, demanded access to:
all documents (including, but not limited to, mem-oranda, presentations, reports, correspondence, email, minutes, recordings, consents, agendas, resolutions, summaries, analyses, transcripts, notes, and board or committee packets) created by, distributed to, or reviewed by Teradyne’s Board of Directors . . . or any member or committee thereof, concerning or relating to:
1. any grant of Teradyne stock options to any executive officer or director of the Company;
2. the Company’s articles or restated articles' of organization and all amendments to them currently in effect;
3. the Company’s bylaws or restated bylaws and all amendments to them currently in effect;
4. the Compensation Committee of the Board’s charter and all amendments to it currently in effect;
5. the Audit Committee, of the Board’s charter and all amendments to it currently in effect;
6. The former Stock Option Committee of the Board’s charter and all amendments to it in effect as of the last date on which the Stock Option Committee constituted a committee of the Board; and
7. the Company stock option plan(s) or other equity incentive plan(s), and all amendments to them, pursuant to which any grant of Teradyne stock options to any executive officer or director of the Company were made.
The demand letter defined a time period for the books and records requested as those “dated January 1, 1995 through the date of production.” The letter stated the purposes of the demand as follows:
(i) obtaining accurate and complete information concerning the Company’s stock option grants to its officers and directors; (ii) determining whether the Company has adequately developed and enforced its policies and procedures regarding stock option grants; and (iii) investigating possible mismanagement and breaches of fiduciary duties by the officers and directors of the Company in connection with its stock option grants, including possible backdating of option grants.
This statement of purpose, according to the complaint, was “[b]ased upon a preliminary and proprietary investigation of historical stock option grants at Ter-adyne.” The letter attested under oath that Gent is a shareholder, but did not state when he became a shareholder.
Teradyne responded to the demand on August 8, 2007, requesting documentation of Gent’s status as a shareholder. Gent sent an account statement for the month ending June 30, 2007, showing his ownership of 575 shares of Teradyne stock. Teradyne’s next response, dated August 13, 2007, asserted that the account statement submitted was “insufficient for the purpose of enabling Teradyne ... to evaluate the demand for inspection of books and records,” and requested documentation of the date when Gent be *57 came a shareholder, as well as of his current ownership. Characterizing Teradyne’s response as “not in good faith” and in violation of his statutoiy rights, Gent filed this action on August 23, 2007. He seeks an order compelling Teradyne to provide the requested records, as well as to pay his attorneys fees and costs.
DISCUSSION
A plaintiff “need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Morris v. Mass. Maritime Academy, 409 Mass. 179, 190 (1991), quoting Belli). Mazza, 394 Mass. 176, 184 (1985). A complaint will not be dismissed “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reviewing the complaint, the court is to accept as true “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor.” Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004), quoting Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995).
The purpose of a complaint is not to prove the plaintiffs claim, or to summarize the evidence, but merely “to give fair notice of the claims.” Reporters’ Notes to Mass.R.Civ.P. 8, Mass.Ann.Laws Court Rules, Rules of Civil Procedure, at 111 (2004). Consistent with that purpose, a complaint meets the requirements ofMass.R.Civ.P. 8(a) if it provides “a short and plain statement of the claim showing that the pleader is entitled to relief.”[1] See also Graham v. Dunfey's Parker House Hotel, Etc., 456 F.Sup. 1066, 1068 (D.Mass. 1978) (“Rule 8 of the Federal Rules . . . does not require a statement of detailed or ultimate facts but rather merely requires ‘a short and plain statement of the claim’ ”).
Chapter 156D, §16.02, grants shareholders of a corporation the right, upon written request, to inspect and copy specified corporate books and records. Relevant to this action, the statute entitles a shareholder to inspect:
excerpts from minutes reflecting action taken at any meeting of the board of directors, records of any action of a committee of the board of directors while acting in place of the board of directors on behalf of the corporation, minutes of any meeting of the shareholders, and records of action taken by the shareholders or board of directors without a meeting .. .
G.L.c. 156D, §16.02(b). The statute conditions the right to inspect such records on the shareholder meeting the following criteria, set forth in § 16.02(c):
(1) his demand is made in good faith and for a proper purpose;
(2) he describes with reasonable particularity his purpose and the records he desires to inspect;
(3) the records are directly connected with his purpose; and
(4) the corporation shall not have determined in good faith that disclosure of the records sought would adversely affect the corporation in the conduct of its business or, in the case of a public corporation, constitute material non-public information at the time when the shareholder’s notice of demand to inspect and copy is received by the corporation.
The comments to §16.02 establish that under § 16.02(c), “it is generally the shareholder requesting records who has the burden of satisfying the applicable statutory standard.” The comments define “proper purpose” to mean “a purpose that is reasonably relevant to the demanding shareholder’s interest as a shareholder,” as traditionally understood in this context.
Teradyne argues that Gent’s complaint fails to state a claim on which relief may be granted, because he has not alleged any specific factual basis to believe that any wrongdoing has occurred, and because he has not provided the date upon which he became a stockholder. As to any wrongdoing that might have occurred prior to that date, Teradyne argues, Gent would lack standing to bring a derivative claim, and therefore could have no proper purpose for seeking access to books and records.
The parties have cited no case law explicating the requirements of §16.02, and the Court has identified none. A series of Delaware cases have interpreted that state’s similar provision, Title 8, Section 220 of the Delaware Code. Those cases establish that a plaintiff seeking an order of access under that statute must “present ‘some evidence’ to suggest a ‘credible basis’ from which a court can infer that mismanagement, waste or wrongdoing may have occurred.” Seinfeld v. Verizon Commc’ns, Inc., 909 A.2d 117, 118, 122 (Del. 2006) (affirming summary judgment for corporation because shareholder had no evidence of mismanagement), quoting Thomas & Betts Corp. v. Leviton Mfg. Co., Inc., 681 A.2d 1026, 1031 (Del. 1996). “The statutory remedy is not an invitation to an indiscriminate fishing expedition. The plaintiff must not only show a credible basis to find probable wrongdoing, but must justify each category of the requested production.” Security First v. U.S. Die Casting & Dev., 687 A.2d 563, 565 (Del. 1997) (affirming order for production of records issued after trial). Moreover, “(t]he plaintiff bears the burden of proving that each category of books and records is essential to the accomplishment of the stockholder’s articulated purpose for the inspection.” Id. at 569. However, the statute “cannot be read narrowly to deprive a stockholder of necessary documents solely because . . . the documents predate the stockholder’s first investment in the corporation”; a stockholder who presents credible evidence of possible wrongdoing “should be given enough information to *58 effectively address the problem, either through derivative litigation or through direct contact with the corporation’s directors and/or stockholders.” Saito v. McKesson HBOC, Inc., 806 A.2d 113, 115 (Del. 2002) (reversing in part, as too narrow, grant of access after trial).
These cases identify the burden Gent will have to carry at trial to obtain the relief he seeks, as well as the showing he will have to make to survive summary judgment. They do not, however, address any question of pleading, and nothing in any of them suggests that claims for access to corporate books and records are subject to any heightened pleading requirement.
Teradyne points to two decisions of the Delaware Chancery Court, West Coast Management & Capital v. Carrier Access Corp., 914 A.2d 636 (Del.Ch. 2006), and Polygon Global Opps. Master Fund v. West Corp., No. 2313-N, 2006 WL 2947486 (Del.Ch. Oct. 2006) (unreported). In West Coast the Court granted judgment on the pleadings dismissing a claim for books and records where the only purpose identified was to bring a shareholder derivative suit, and the plaintiff would have been precluded by a previous judgment from prosecuting such a suit. Id. at 641, 646-47. In Polygon Global, the Court ruled, after trial, that the stockholder had not shown a proper purpose for the particular records sought, because publicly available information was sufficient to inform its decision whether to seek appraisal, and because the plaintiff would cease being a stockholder after a proposed merger, thereby losing standing to pursue any derivative claim. Id. at *4-5 & n.22. These cases do not assist Teradyne; nothing before the Court indicates any basis to conclude that Gent would be precluded from bringing derivative claims, and no trial has yet occurred, through which the Court could make findings as to his potential standing, either for derivative claims or for the other potential shareholder remedies discussed in Saito, supra, 806 A.2d at 117.
Teradyne also cites two Massachusetts cases involving claims under the common-law right of access for shareholders to corporate records, Gavin v. Purdy, 335 Mass. 236 (1957), and Albee v. Lamson & Hubbard Corp., 320 Mass. 421 (1946).[2] Gavin, supra, was an appeal from a trial court decision sustaining a demurrer to a mandamus petition seeking an order of access to corporate books and records. Gavin, supra, 335 Mass. at 237. The Court held that the petition had been properly dismissed because it “is vague and indefinite in the extreme and contains no allegations of fact which would give the respondents the reasonable specification, to which the respondents are entitled, of the records which the petitioner wishes to examine, the circumstances which lead to the request, the period of time which is relevant, and the facts bearing upon whether the proposed examination is in the interests of [the corporation].” Id. at 238-39. In Albee, the Court vacated an order granting relief, based solely on the pleadings. The Court observed,
The burden of proof was upon the petitioner to allege and prove his good faith and a proper purpose. His right being a qualified one, he fails if his petition and proof are insufficient to bring his case within the limitations of this common law right. There was error in ordering the writ to issue, where, as here, all that appeared was that the petitioner was a stockholder and that his demand for an examination of certain books, records and documents had been denied.
Albee, supra, 320 Mass. at 424.
The Court does not read these cases as establishing the sort of heightened pleading requirement that Ter-adyne advocates. Albee does, as Teradyne points out, refer to a burden to “allege,” as well as to prove, a proper purpose. The same language has been used in other contexts to refer to a plaintiffs burden to proffer evidence at the summary judgment stage to show an ability to meet the ultimate burden of persuasion at trial. See, e.g., Cmty. Nat. Bank v. Dawes, 369 Mass. 550, 554 (1976) (“if the moving parly [on a motion for summary judgment] shows that there is no issue for trial, the opposing party must respond and allege specific facts which establish that there is a genuine, triable issue, or summary judgment (if appropriate in all other respects) will be entered against him” (emphasis added)). The decision in Albee was not, as Teradyne contends here, that the pleading was subject to dismissal on its face; rather, the Court held merely that the allegations of the pleadings were not sufficient to justify the grant of relief without even a trial, at which the plaintiff would bear the burden of proof of the allegations. Albee, supra, 320 Mass. at 424.
Gavin is more supportive of Teradyne’s position, in that the Court there did uphold dismissal based on the pleadings alone. It is true, as Teradyne points out, that some of the deficiencies the Court cited in Gavin are arguably present here, including a lack of speci-ficiiy as to “the circumstances which led to the request, the period of time which is relevant, and the facts bearing upon whether the proposed examination is in the interests of [the corporation].” The Court also relied at least in part, however, on the failure to specify the records sought — a deficiency that is clearly not present here. Gavin, supra, 335 Mass. at 238. As noted supra, Gavin predated both the rules of civil procedure, which codified the practice of notice pleading, and the enactment of the statute under which Gent claims relief. Absent some indication in the statute, or in case law under it, that a complaint seeking the relief it offers must go beyond the pleading requirements generally applicable under Mass.R.Civ.P. 8(a), the Court will not impose such a requirement based on Gavin alone. The Court therefore considers the present motion under the standards generally applicable to a motion to dismiss.
*59 As indicated supra, the complaint filed by Gent alleges that he is a shareholder; that he made a demand; and that Teradyne did not comply. The appended exhibits identify with specificity the records sought, and provide Gent’s statement of facially proper purposes in seeking them, particularly “determining whether the Company has adequately developed and enforced its policies and procedures regarding stock option grants; and .. . investigating possible mismanagement and breaches of fiduciary duties by the officers and directors of the Company in connection with its stock option grants, including possible backdating of option grants.” The basis for suspicion of such wrongdoing, the complaint asserts, is “a preliminary and proprietary investigation of historical stock option grants at Teradyne.”
The information provided in the complaint to indicate possible wrongdoing is not much, to be sure. Nor is there much to identify what if any action Gent might be in a position to take to remedy any wrongdoing, since he does not allege that he was a stockholder at any time prior to a date one month before he made his demand. Nor is there much, on the face of the complaint, to connect the purposes asserted with many of the broad categories of records demanded, going back to 1995. Still, the complaint' provides notice to Ter-adyne of the nature of the claim, and of the essential facts on which it is based. Gent will have to do considerably better at trial to justify the relief he seeks, but the Court cannot conclude that his complaint falls to state a claim on which relief may be granted.
CONCLUSION AND ORDER
For the reasons stated, the Defendant’s Motion to Dismiss is DENIED.

 Under Mass.R.Civ.P. 9(b), certain special matters must be pled with particularity. That rule makes no reference to claims for access to corporate books and records.

 These cases predate both §16.02, enacted by St. 2003, c. 127, §§24 (effective July 1, 2004), and the Massachusetts Rules of Civil Procedure. See Mass.R.Civ.P. 8(a)(1), 365 Mass. 749 (1974).