Leibensperger, Edward P., J.
Plaintiff is the holder of thirty percent of the capital stock of defendant, MyJoVE Corporation. He is a founder of the corporation and is one of three principal shareholders. In his complaint, the only relief he seeks is for the court to order that he be allowed to inspect and copy records of the corporation. The action is brought pursuant to the Massachusetts Business Corporations Law, G.L.c. 156D, § 16.04.[1] Defendants assert that plaintiff has been provided with the corporate records to which he is entitled and that plaintiffs additional requests fail to meet the standard for access by a shareholder as set forth in §16.02. Accordingly, they move to dismiss the complaint.
BACKGROUND
Plaintiffs complaint (labeled a “Petition”) recites the history of his attempt to obtain access to .corporate records. He attaches as exhibits to the complaint copies of correspondence to and from the corporation. The following facts are taken from the complaint and the attachments.
Plaintiff is a co-founder of MyJoVE. He owns 30% of the capital stock. While not alleged in the complaint, it appeared from oral argument that MyJoVE has only three principal shareholders and, thus, may be viewed as a close corporation under Massachusetts law. At some point in 2011, plaintiff was allegedly terminated from employment by the corporation and removed as a director. Plaintiff contends that the termination and removal was an illegal “freeze out” of a minority shareholder and that other shareholders breached their fiduciary duties to him. In his complaint, however, plaintiff only seeks access to corporate records pursuant to §16.04.
Commencing on December 11,2011, plaintiff made a written request to inspect the books and records of the corporation “including all corporate and financial records.” Apparently, some documents were produced because on December 20, 2011, plaintiffs counsel wrote to complain that in the production accounting records were not included, other than a 2010 audit report from the company’s outside auditors. Plaintiff demanded to see the accounting records for 2011, as well as the schedules that supported the 2010 audit. The accounting records requested included “all information relating to accounts receivable, accounts pay *637 able, payroll, and all contractual arrangements by the corporation demonstrating financial or other obligations.”
. MyJoVE, through its counsel, responded by letter on December 23, 2011. Counsel pointed out that plaintiff had not described with reasonable particularity his purpose for inspecting the accounting records and the direct connection between the records sought and his purpose — all as required by §16.02(b). In response, plaintiff, through counsel, simply repeated his potential claims of freeze out and breach of fiduciary duty as his “purpose” under §16.02.
On January 4, 2012, the corporation responded in writing. It noted that corporate records such as “articles of organization, by-laws and minutes” had been produced, as well as the 2010 audited financial statements. The corporation then produced “quarter end balance sheets and profit and loss statements for the first three quarters of 2011" and promised to produce year-end financials when available. The corporation repeated its position that the request for access to additional accounting records failed to satisfy the requirements of §16.02(c).
Several months went by. On June 7, 2012, plaintiff again requested in writing “accounting records” and articulated two purposes: “(1) to ascertain the state of our business, and (2) to verify that my business partners have not violated their fiduciaiy duty to me in the manner of payments made to shareholders.” The corporation responded in writing denying access. The corporation also detailed a litany of events that it asserted showed plaintiff was not acting in good faith. In the response, the corporation also produced to plaintiff quarter-end balance sheets and profit and loss statements for the first quarter of 2012.
In his complaint, filed on August 10, 2012, plaintiff requests relief from the court under §16.04. He seeks an order requiring production of corporate records including detailed accounting records for the past five years, tax returns of the corporation for the past five years and “any written records of proceedings of the directors and stockholders for the past three years.”
DISCUSSION
A.Standard for Motion to Dismiss
A motion to dismiss for failure to state a claim upon which relief may be granted under Mass.R.Civ.P. 12(b)(6) permits “prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiffs claim is legally insufficient.” Harvard Crimson, Inc. v. President & Fellows of Harvard Coll., 445 Mass. 745, 748 (2006). To survive a motion to dismiss, a complaint must set forth the basis for the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief ...” Id., quoting Bell Atl. Corp., 550 U.S. at 557. The court must, however, accept as true the allegations of the complaint and draw every reasonable inference in favor of the plaintiff. Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). The court takes into consideration the allegations in the complaint “although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint, also may be taken into account.” Schaer v. Brandeis University, 432 Mass. 474, 477 (2000).
B.Motion of Defendant, Moshe Pritsker, to Dismiss
Plaintiff names the president and Chief Executive Officer of MyJoVE, Moshe Pritsker, as a defendant. There are no specific allegations in the complaint with respect to Mr. Pritsker’s conduct and, in any event, the sole relief sought is under §16.04. The remedy provided by §16.04 does not include any recovery from, or sanction against, an officer of the corporation. In fact, the official comment to §16.04 notes that prior versions of the Massachusetts corporation law allowed a remedy against a corporate officer for failure to allow access to corporate records but that the enactment of §16.04 changed the law. The remedy provided by §16.04 is available only against the corporation. Accordingly, the complaint fails to state a claim against Mr. Pritsker and his motion to dismiss must be allowed.
C.Motion of Defendant, MyJoVE Corporation, to Dismiss
1. Section 16.01(e) records
Section 16.02(a) mandates that a corporation produce for inspection and copying by a shareholder the records of the corporation described in §16.01(e). Those records include, among other things, the corporation’s articles of organization (including all amendments), by-laws (including all amendments), minutes of shareholders’ meetings, records of all action taken by shareholders without a meeting for the past three years, all written communications to shareholders generally within the past three years, including annual financial statements, and its most recent annual report delivered to the secretary of state. A shareholder is entitled to this information without a showing of good faith or proper purpose.
In his complaint, plaintiff specifically seeks some or all of the corporate records described in §16.01(e). While defendants assert in their motion papers that plaintiff has been provided with all such records, the court, upon a motion to dismiss, must accept the allegations of the complaint as true. Plaintiffs complaint for relief under §16.04 cannot be dismissed until it is factually established, perhaps on a motion for summaiyjudgment, that all §16.01(e) records have been produced. Moreover, because §16.04(a) allows *638 the Court to “summarily order” inspection and copying of a corporation’s records, I hereby order the corporation to produce to plaintiff for inspection and copying all §16.01(e) records in its possession if it has not already done so.
2. Section 16.02(b) records
In order to obtain the corporate records described in §16.02(b), a shareholder must satisfy the requirements of § 16.02 (b) (3). The threshold requirements are that the shareholder (1) make a demand in good faith and for a proper purpose, (2) describe with reasonable particularity his purpose and the records he desires to inspect, and (3) describe how the records are directly connected with his purpose. Plaintiffs requests for inspection and copying corporate records fail to meet these requirements.
(a) Reasonable particularity
The parties’ dispute centers around plaintiff s broad requests for “accounting records” including “all information related to accounts receivable, accounts payable, payroll and all contractual arrangements by the corporation demonstrating financial or other obligations.” Plaintiff goes further in his complaint to request financial information for five years, tax returns, and back up information for all accounts on the financial statements. Even assuming that plaintiff could articulate a proper purpose for a request for some accounting records (discussed below), his broad requests clearly fail the test for describing records with “reasonable particularity.” He also fails to state how such records are “directly connected” to his purpose. For these reasons alone, MyJoVE was justified in not producing the accounting records.
(b) Proper purpose
In his complaint, plaintiff alleges that his reason for inspecting the records “relates to the [plaintiff s] positions of co-founder and existing shareholder of the Corporation and the [plaintiff] has specifically requested to review the corporate and financial records of the Coiporation for purposes of protecting his financial interests in the Corporation.” Complaint, ¶5. As described above, in his June 7, 2012, communication to MyJoVE he specified that his purpose was to ascertain the state of the company’s business and “to verify that my business partners have not violated their fiduciary duty to me in the manner of payments made to shareholders.”
The official comment to § 16.02(c) states that “[a] ‘proper purpose’ means a purpose that is reasonably relevant to the demanding shareholder’s interests as a shareholder. The phrases ‘in good faith’ and ‘proper purpose’ are traditional and well-understood language in this context.”
Moreover, “case law defining proper purpose will continue to be applicable.” That said, there are no cases from the Supreme Judicial Court or the Appeals Court explicating the statutory requirements of § 16.02(b) in light of previous case law.
MyJoVE cites Gavin v. Purdy, 335 Mass. 236, 238 (1957), for the proposition that mere interest in protecting a shareholder’s rights as a shareholder is insufficient to establish a proper purpose. That is an overstatement of Gavin’s holding. Gavin held that a petition for inspection of corporate records that was “vague and indefinite in the extreme and contain[ed] no allegations of fact which would give the [corporation] the reasonable specification ... of the records which the petitioner wishes to examine, the circumstances which lead to the request, the period of time which is relevant, and the facts bearing upon whether the proposed examination is in the interests of [the corporation]” was insufficient. Id. at 238. Thus, the denial of access to records in Gavin was attributable (as in the present case) to the lack of specificity in the demand. As referenced above, the official comment to § 16.02(c) makes clear that a proper purpose under the statute is satisfied by the purpose being “reasonably relevant to the demanding shareholder’s interest as a shareholder.” A shareholder does not have to establish that his request is in the interest of the corporation.
In the context of a Massachusetts corporation with publicly traded shares, another justice of the Superior Court (Fabricant, J.) addressed the proper purpose requirement under §16.02(b). Gent v. Teradyne, Inc., 27 Mass. L. Rptr. 517, 2010 Mass.Super. LEXIS 305 (2010). Noting the absence of Massachusetts precedent the court looked to, and adopted, Delaware law. The court held that a requesting shareholder’s purpose to investigate possible waste, mismanagement or other wrongdoing was a proper purpose “provided that the shareholder presents some evidence that establishes a credible basis from which a court can infer the existence of legitimate issues as to such conduct warranting further investigation.” Id. at *16.
The Delaware formulation is helpful but, in this court’s view, must be considered further in the context of a close corporation. In a close corporation, shareholders owe each other a fiduciary duty of utmost good faith and loyalty. Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 593 (1975). That duly is held to be analogous to the duties partners in a general partnership owe to one another. Id. If, for example, MyJoVE were a partnership, a partner would have the right to inspect “any” of the partnership’s books. See G.L.c. 108A, §19. While the parties here elected to organize in the corporate form, the difference in the nature of a close corporation from a publicly traded corporation demands a more expansive application of the standards of §16.02. A shareholder on the outside of a close corporation has limited access to what is going on inside. There are no public disclosures mandated by federal laws and enforced by the Securities and Exchange Commission with respect to a close corporation. Accordingly, the burden on a *639 requesting shareholder in a close corporation to articulate facts in support of his requests should be weighed in the context of partnership-like fiduciary duties. While some articulation of the need for detailed accounting (or other) records is required by §16.02(c)(3) (requested records must be “directly connected” to a purpose described with “reasonable particularity”), a court should not be overly stringent in applying those requirements. A reasonable articulation of suspected facts, not mere speculation, supporting an inference of possible mismanagement or wrongdoing should be enough.
Here, plaintiff began to articulate the proper purpose of determining whether there have been payments to shareholders in violation of the directors’ and controlling shareholders’ fiduciary duties. The possibility of such wrongdoing is well recognized when a shareholder in a close corporation claims to have been frozen out. See id. at 588-89 (a typical element of freeze out may be the payment of exorbitant salaries in lieu of dividends). A further statement by plaintiff supporting a possible basis for inferring mismanagement or wrongdoing, combined with a properly narrowed request for records directly connected to that purpose, would satisfy the requirements of §16.02(c). Plaintiff is granted leave to amend his complaint to satisfy the statutory requirements.[2]
CONCLUSION
The motion to dismiss of Moshe Pritsker is ALLOWED. The motion to dismiss of MyJoVE Corporation is DENIED. Leave to amend the complaint is granted to plaintiff.

 All references to statutory sections herein are to sections of G.L.c. 156D.

 In the correspondence attached to the complaint, MyJoVE asserts that plaintiffs requests for records were not made in good faith. Nothing in this memorandum and order is meant to deny the corporation’s right to assert facts to support that argument or to bar an assertion of grounds for non-production under §16.02(c)(4).