ALFRED MARKUS & another [1] *vs.* COUNTY OF MIDDLESEX & others.[2]

Middlesex.   November 6, 1969. — December 23, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*County. Eminent Domain,* Payment of award. *Mandamus.*

Upon a taking of land by county commissioners by eminent domain and an award to the landowners in full compliance with legal requirements and without fraud, followed by the issuance of an order by the commissioners to the county treasurer to pay the amount of the award, less certain adjustments, to the landowners from a sufficient appropriation, the treasurer had no power or discretion to refuse to make the payment on the ground that the award was excessive but had a duty under G. L. c. 35, §§ 10, 11, to make the payment ordered, which could be enforced by the landowners by mandamus under c. 79, § 10A.

---

[1] Leslie A. Runton.

[2] County commissioners and treasurer of the county of Middlesex.

PETITION filed in the Superior Court on October 18, 1968. The case was heard by *Vallely*, J.

*Edward M. Ginsburg* for the Treasurer of the County of Middlesex.

*Richard G. Drury* for the petitioners.

WILKINS, C.J.    This petition for a writ of mandamus is by joint owners of land in Lowell against, among others, the treasurer of the county of Middlesex, seeking payment of the sum of $140,474.71 in accordance with a warrant issued and affirmed by a majority of the county commissioners.    On June 13, 1968, pursuant to St. 1967, c. 542, for the purpose of improving facilities for the District Court of Lowell, the county commissioners, by instrument recorded in the Middlesex North District registry of deeds, took the petitioners' land by eminent domain.    In this taking an award was made in the sum of $144,000.    Prior thereto appraisals were made on behalf of the commissioners and on behalf of the petitioners, following which the petitioners accepted the award.    Later the parties agreed to an apportionment of rents and of the 1968 real estate taxes, resulting in a net amount of $140,474.71.

By warrant dated July 18, 1968, and approved by a majority of their number, the commissioners ordered the respondent treasurer to pay that amount, for which there is an unexhausted appropriation in the county treasury. The respondent treasurer believes the amount is excessive, and for that reason refuses to make payment.    He concedes that there has been compliance with legal formalities.

A judge of the Superior Court, after a hearing on the petition and answers, filed a ruling and order for judgment. He concluded that the commissioners had fully complied with St. 1967, c. 542, G. L. c. 79, and the provisions of law concerning the issue of warrants; and that there being no allegation of fraud in the granting of the award, the duties of the county treasurer are purely ministerial and involve no exercise of discretion.    He, therefore, ordered that the writ of mandamus issue directing the county treasurer to pay the petitioners the sum of $140,474.71, with interest at the rate

of 6% per annum from June 13, 1968, to the date of payment. The respondent treasurer appealed from judgment entered accordingly.

The judge's ruling was correct. After the commissioners ordered payment, the county treasurer had no power or discretion to override that order. *Elmer* v. *Commissioner of Ins.* 304 Mass. 194, 196. *Ward* v. *Comptroller of the Commonwealth*, 345 Mass. 183, 186. "The treasurer shall collect, receive and safely keep all money belonging to the county, and disburse it according to law. . . . He shall pay all claims against his county within ten days after their allowance. . . ." G. L. c. 35, § 10. "No payments . . . shall be made by a treasurer except upon orders drawn and signed by a majority of the county commissioners, certified by their clerk . . . ." G. L. c. 35, § 11, as amended through St. 1962, c. 40. These sections, when read together, make manifest that an order drawn under § 11 is an allowance of a claim under § 10. See *Adams* v. *County of Essex*, 205 Mass. 189, 199. The language of § 10 makes payment within ten days mandatory.

There is no suggestion of illegality. On the contrary, the treasurer concedes that all legal requirements have been met. The sole contention is that the award is excessive. That question is settled by the action of the commissioners. Even where there is an issue of illegality, the treasurer must seek a declaratory decree under G. L. c. 231A. G. L. c. 35, § 11.

The petitioners may properly seek a writ of mandamus. G. L. c. 79, § 10A (inserted by St. 1964, c. 579, § 5).[1]

*Judgment affirmed.*

---

[1] "Compliance with the provisions of sections six, seven, seven A, seven B, seven C, seven D, eight A, nine, ten and thirty-six A may be enforced against any person having a duty of compliance therewith by writ of mandamus issued upon the petition of any person adversely affected by noncompliance therewith. The body politic or corporate on behalf of which the taking was made shall be joined in any such petition, and the petitioner may recover therefrom in the same proceeding damages sustained by reason of such noncompliance, with costs. . . ."