GEORGE PAGE & another *vs.* CHIEF OF THE FIRE DEPARTMENT OF GARDNER. February 4, 1972. On the petition of officers of the Gardner Firefighters, Local 400 (the union), the Superior Court judge ordered that a writ of mandamus issue directing the respondent chief of the fire department of the city of Gardner (the city) to furnish to the treasurer of the city the names of the men who should have been called to complete the eleven man platoon required by a collective bargaining agreement and to furnish the dates on which the platoon was under strength. The respondent appeals under G. L. c. 213, § 1D, as amended by St. 1957, c. 155. An arbitration award, confirmed by the Superior Court, determined that the city had violated the collective bargaining agreement by not maintaining a full platoon on certain dates. The city solicitor then informed the city auditor that the city must make overtime payments to those who should have been called and that in order to determine who was thus entitled the fire chief would have to submit the names of the men who should have been called and the dates when the platoons were under strength. The judge found that the names and dates were determinable from the records of the fire department, but that the respondent refused to determine them. Mandamus is the proper remedy to compel the performance of the respondent's ministerial duty to supply information to other city officials from records under his control. It is not open to the respondent in this proceeding to review the validity of the collective bargaining agreement, the correctness of the arbitration award, or the propriety of municipal action to carry out the principles embodied in the award. See *Police Commr. of Boston* v. *Boston,* 239 Mass. 401, 409–410; *Markus* v. *County of Middlesex,* 356 Mass. 517, 518–519. Compare *Lydia E. Pinkham Medicine Co.* v. *Gove,* 305 Mass. 213, 218. The proper remedy if the collective bargaining agreement infringes on his powers under G. L. c. 48, § 42, is by declaratory decree. *Chief of Police of Dracut* v. *Dracut,* 357 Mass. 492. Compare *Fitchburg Teachers Assn.* v. *School Comm. of Fitch-*

*burg*, 360 Mass. 105. The writ is not being used to enforce a contract, see *Parrotta* v. *Hederson*, 315 Mass. 416, 419, and an action of contract is not an available remedy as in *Police Commr. of Boston* v. *Boston*, 279 Mass. 577, 581, until the respondent discloses who should be the plaintiffs. The judge's order is supported by his findings and rulings and must be affirmed. See *Goldston* v. *Randolph*, 293 Mass. 253, 255; *Crawford* v. *Building Inspector of Barnstable*, 356 Mass. 174, 175.

*Order affirmed.*

*J. A. Harasimowitz*, for the respondent, submitted a brief.
*Robert Weihrauch* for the petitioner.