COUNTY COMMISSIONERS OF MIDDLESEX COUNTY *vs.*
SHERIFF OF MIDDLESEX COUNTY.

Middlesex. January 6, 1972. — February 7, 1972.

Present: CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*County Commissioners. Witness,* Compelling giving of evidence. *Mandamus.*

Although County Commissioners under G. L. c. 126, § 2, may summon witnesses, including the sheriff, in performance of the commissioners' duties as inspectors of prisons under § 1, no statute gives them the authority to compel the attendance of witnesses and the giving of testimony. [90]

A demurrer to a petition for a writ of mandamus by county commissioners to compel the sheriff to appear before them for examination under G. L. c. 126, § 2, was properly sustained since the commissioners had a more suitable remedy under c. 233, § 10, permitting a Superior Court judge in his discretion to compel the attendance and giving of testimony of witnesses before the commissioners. [90-91]

PETITION for writ of mandamus filed in the Superior Court on December 30, 1970.

The case was heard by *DeSaulnier,* J.

*Joseph T. Travaline* for the petitioners.

*James F. Meehan* (*Philander S. Ratzkoff* with him) for the respondent.

BRAUCHER, J.   This is a petition for a writ of mandamus brought by the County Commissioners of Middlesex County (the commissioners) to compel the sheriff to appear before them for examination pursuant to G. L. c. 126, § 2, and to compel him to withdraw any directive to his subordinates, the effect of which is to obstruct the commissioners in the performance of their duties under that statute.   A judge of the Superior Court sustained a demurrer to the petition, and the petitioners appeal.   By G. L. c. 34, §§ 13, 14 (as amended by St. 1947, c. 58), "the commissioners may administer oaths to witnesses and punish disorderly conduct," and "may provide for erecting and repairing . . . jails"; they are to "represent their county, and to have the care of its property and the management of its business and affairs in cases where not otherwise expressly provided."   By G. L. c. 126, § 1, they are made "inspectors of the prisons in their counties."   General Laws c. 126, § 2, provides that they "may examine on oath . . . any officer, keeper or other person relative to the affairs or management of any prison . . . ."   We think it is fairly implied that they may summon witnesses in performing their duties as inspectors of prisons.   But we have found no grant of authority to them to compel the attendance of witnesses and the giving of testimony.   Compare *Massachusetts Bonding & Ins. Co.* v. *Commissioner of Ins.* 329 Mass. 265, 278–279; *Commissioner of Ins.* v. *First Natl. Bank*, 352 Mass. 74, 81–82.

Thus the commissioners constitute a tribunal "authorized to summon but not to compel the attendance of witnesses and the giving of testimony before it," within G. L. c. 233, § 10.   Under that statute a judge of the Superior Court "may, in his discretion, compel the attendance of such witnesses and the giving of testimony before . . . [the commissioners], in the same manner and to the same extent as before said" court.   This remedy is more suitable than mandamus, since it permits discretionary review of time and place.   It is well established that mandamus does not lie if any other effective remedy

exists. *Finlay* v. *Boston,* 196 Mass. 267, 270. *Madden* v. *Secretary of the Commonwealth,* 337 Mass. 758, 761.

*Order affirmed.*