THE COACH AND SIX RESTAURANT, INC. *vs.* PUBLIC
WORKS COMMISSION & others.[1]

Worcester.  January 4, 1973. — May 16, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Mandamus. Eminent Domain,* Damages.

Review of authorities regarding the availability of mandamus only
in instances where there is no other adequate and effectual remedy.
[644–645]
Sound discretion dictated that a writ of mandamus not be issued
to order the payment of a pro tanto award of damages to the owner
of real estate taken for highway construction by the Common-
wealth's Department of Public Works where the owner had an
adequate remedy by a petition for assessment of damages under
G. L. c. 79, § 14.  [645–646]

PETITION for a writ of mandamus filed in the Superior
Court on October 14, 1971.

The case was reported by *Beaudreau,* J.

*Mel L. Greenberg* for the petitioner.

*Walter H. Mayo, III,* Assistant Attorney General, for
the respondent.

HENNESSEY, J.  The petitioner filed a petition for a
writ of mandamus in the Superior Court, praying inter
alia that the respondents be ordered to pay to it a pro
tanto award for the taking of its land by eminent do-
main.  The petitioner also asks that the court order the
Governor and the Executive Council to approve a war-
rant submitted to them by the Department of Public
Works (D. P. W.) relative to the taking.  A judge of the
Superior Court, on February 22, 1972, reported the mat-
ter to this court upon the petition, the answer and de-

---

[1] The respondents are the Public Works Commission for the Com-
monwealth, the Commissioner of Public Works, the Director of the
Right of Way Bureau of the Department of Public Works, the Treas-
urer of the Commonwealth, the Governor of the Commonwealth, and
the Executive Council.

murrer of the respondents, and a statement of agreed facts. G. L. c. 231, § 111.

Since 1964, the petitioner owned a restaurant and lounge in Worcester. On June 30, 1971, the D. P. W., after notice and hearing, adopted an order taking this real estate and all the structures on it for highway construction under the authority of G. L. c. 81, § 7. The taking was recorded in the Worcester District Registry of Deeds on July 15, 1971. On the same day, the D. P. W. notified the petitioner of the taking and the procedure by which a payment of $450,000 would be made on September 9, 1971. At the election of the petitioner, this payment would be either in full settlement of all damages or a pro tanto award without prejudice to the petitioner's right to claim greater damages. The petitioner made no election. The D. P. W. failed to tender for acceptance the pro tanto award, and the petitioner failed to accept the offer as settlement for all damages. The D. P. W. wrote the petitioner on September 20, 1971, informing it that it was impossible for it to make the pro tanto payment because the Executive Council rejected payment on the warrant submitted for its approval. The Council rejected the pro tanto award because it determined that the method of appraisal was erroneous and resulted in damages in excess of those permitted by law under G. L. c. 79, § 12. The parties agree that the Governor rejected payment on the warrant as well.

1. The dispositive issue here is whether a writ of mandamus should issue. We hold that it should not. It is settled that the writ of mandamus is an extraordinary remedy granted only to prevent a failure of justice and in instances where there is no other adequate and effectual remedy. Thus, in certain circumstances, mandamus would not lie on a petition by taxpayers since appeal and ten taxpayer proceedings under G. L. c. 40, § 53, were available. *Amory* v. *Assessors of Boston*, 306 Mass. 354, 357. Mandamus would not lie to enforce contractual oblitgations where a bill in equity seeking specific performance was available. *Parrotta* v. *Hederson*, 315 Mass.

416, 418–419. Mandamus cannot be used as a substitute for appellate review by a bill of exceptions. *Rines* v. *Superior Court*, 330 Mass. 368, 371. Mandamus would not lie where the Legislature established a scheme of administrative review. *Duncan* v. *School Comm. of Springfield*, 331 Mass. 738, 741–742. And mandamus would not lie where a judge, by statute, could order similar relief in his discretion. *County Commrs. of Middlesex County* v. *Sheriff of Middlesex County*, 361 Mass. 89, 90–91. Compare *O'Coins, Inc.* v. *Treasurer of the County of Worcester*, 362 Mass. 507, 517.

We need not decide whether in some circumstances, it would be appropriate to order by writ of mandamus the payment of a pro tanto award under G. L. c. 79. The issuing of the writ is not a matter of right but of sound judicial discretion. *McCarthy* v. *Street Commrs. of Boston*, 188 Mass. 338, 340. We conclude that, in sound discretion, the writ should not issue in this case. The corporation here has had the right to petition for assessment of damages under G. L. c. 79, § 14. Apparently no such petition has been filed. That right, even as of the date of this opinion, is still available because c. 79, § 16, establishes a statute of limitations of two years for such petitions. This is a complete and adequate remedy. It has not been shown that, at the time the corporation chose to file a petition seeking a writ of mandamus, the relief afforded by such a writ would be in any substantial way superior to the relief afforded by a petition for the assessment of damages.

Thus the tender or payment of a pro tanto award prejudices neither the taking authority nor the person entitled to damages, as to the right to seek judicial review of the damages awarded. C. 79, § 14. Financial benefit to the person who is entitled to damages is just about the same whether or not a pro tanto payment is made, because appropriate adjustment between the parties as to damages and interest is required, whether the ultimate assessment is more or less than the pro tanto amount. C. 79, §§ 8A, 14.

Coach & Six Restaurant, Inc. *v.* Public Works Commission.

It is reasonable to infer that one purpose of a pro tanto payment is to provide prompt availability of capital to the person whose land is taken, perhaps to expedite his procurement of new land and buildings. That consideration is not controlling here, on the issue whether there is an adequate remedy. It has not been shown that a writ of mandamus would provide any significantly speedier relief to the corporation than a petition for assessment of damages. General Laws c. 79, § 34, provides, upon motion, for speedy trial of petitions for the assessment of damages under c. 79, § 14, as a matter of right. By comparison, more than four months elapsed between the entry of the instant petition and the reservation and report of the cause by the Superior Court. As between the two remedies there likewise is no distinction as to the delay inherent in a possible appeal by the Commonwealth.

We are not convinced by the petitioner's further argument that it is entitled to a writ of mandamus by reason of the specific reference to that remedy in c. 79, § 10A, inserted by St. 1964, c. 579, § 5. We do not read that section as requiring the issuance of a writ of mandamus where it would not otherwise lie.

Where a claim for damages due to a land taking cannot be settled, the effect of a pro tanto payment is tentative only. In this case a petition for assessment of damages under c. 79, § 14, could have been filed in court as early as July of 1971. Not only was a proceeding under c. 79, § 14, an adequate remedy for the petitioner here, but it probably was and is a course far superior to the protracted pursuit of a pro tanto payment by means of mandamus. Accordingly, since the case was reported to this court for decision, it is appropriate to dismiss the petition in our discretion.

In concluding that the petitioner has not shown that it is entitled to relief in the form of a writ of mandamus, we do not imply that officers of land taking authorities have a privilege of neglecting or ignoring their duties under G. L. c. 79, §§ 6, 8A, concerning award and offer of damages in reasonable amounts. See *Markus* v. *County*

*of Middlesex,* 356 Mass. 517. Nor do we preclude the possibility of the issuance of the writ, in other and more appropriate circumstances, to order the payment of such a pro tanto award.

2. In view of our conclusions it is unnecessary for us to consider two other substantial arguments against the issuance of a writ of mandamus in this case. These arguments are: (a) The functions of the Governor and the Executive Council here, under the Massachusetts Constitution, are discretionary rather than merely ministerial. Therefore, mandamus will not lie as to these officials, since they have already exercised their discretion, albeit in a manner contrary to the contentions of the petitioner. See *Suburban Light & Power Co.* v. *Aldermen of Boston,* 153 Mass. 200, 202; *Leigh* v. *Commission of Pub. Health & Charities of Lawrence,* 310 Mass. 343, 344; *Howe* v. *Attorney Gen.* 325 Mass. 268, 270; *Nason* v. *Commissioner of Mental Health,* 351 Mass. 94, 96–97. (b) The offer of July 15, 1971, was revoked or withdrawn by the letter from the D. P. W. to the petitioner. See the provision in c. 79, § 6, for modification of an award, by the taking authority, at any time before payment. See also, c. 79, § 8A, and the words therein, "If such person elects to accept the offer as a pro tanto payment . . .."

3. An order for judgment dismissing the petition shall be entered in the Superior Court.

*So ordered.*