# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* WILLIAM D. LANGTON. April 29, 1983. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Relief in the nature of mandamus, Sex offender. *Sex Offender.*

The Commonwealth brought a complaint with a single justice of this court under G. L. c. 211, § 3, to vacate an order by a judge of the Superior Court. The Superior Court judge had granted Langton's motion in the nature of a mandamus to order the district attorney to file a petition for the commitment of Langton as a sexually dangerous person pursuant to G. L. c. 123A, § 6. Langton appeals from the judgment of the single justice vacating the order of the Superior Court.

Langton claims error in the exercise by the single justice of our extraordinary powers under G. L. c. 211, § 3. It is true that relief under G. L. c. 211, § 3, should be given only in extraordinary cases. See *Rosenberg* v. *Commonwealth,* 372 Mass. 59, 61 (1977). The instant case presents such circumstances. If the district attorney filed a commitment petition as ordered, and a determination on the merits were made that the defendant is a sexually dangerous person contrary to the belief of the district attorney, it is doubtful that the Commonwealth, as the prevailing party (albeit under duress), would have an effective remedy for an erroneous mandamus order. The error, if any, in the issuance of the order to proceed under G. L. c. 123A, § 6, possibly could not be cured by any appellate review of the commitment hearing resulting from the order to file such a petition. See *Whitmarsh* v. *Commonwealth,* 366 Mass. 212, 215 (1974).

The single justice was correct in entertaining the Commonwealth's complaint. We turn now to consider whether he abused his discretion or committed an error of law.

Although Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974), abolished the writ of mandamus, it did not eliminate the relief it afforded. See Reporters' Notes to Mass. R. Civ. P. 81 (b), Mass. Ann. Laws, Rules of Civil and Appellate Procedure at 701 (1982); J.W. Smith & H.B. Zobel, Rules Practice § 81.4 (1981). Allowance of relief in the nature of mandamus is controlled by equitable principles. 9 Moore's Federal Practice par. 110.29, at 316 (2d ed. 1983 & Supp. 1982-1983). Mandamus is to be granted only in instances where there is no other adequate and effectual remedy. *Coach & Six Restaurant, Inc.* v. *Public Works Comm'n,* 363

Mass. 643, 644 (1973). "[M]andamus does not lie if any other effective remedy exists." *County Comm'rs of Middlesex County* v. *Sheriff of Middlesex County,* 361 Mass. 89, 90-91 (1972).

The single justice concluded that the Superior Court judge erred in granting the order to compel the district attorney to petition for a commitment hearing because Langton has an alternative remedy pursuant to G. L. c. 123A, § 8. This provision permits "[a]ny person believing himself to be suffering from a physical or mental condition which may result in sexual trends dangerous to the welfare of the public" to apply to the Department of Mental Health for voluntary admission to a treatment center. G. L. c. 123A, § 8. The single justice concluded that Langton had not demonstrated G. L. c. 123A, § 8, to be an ineffective remedy.

Langton asserts that he has vigorously sought to be admitted voluntarily, pursuant to G. L. c. 123A, § 8, but has not been allowed to do so. Therefore, he contends that he has no alternative remedy because voluntary commitment has proven ineffective. To support this contention, Langton offers his affidavit attached to his notice of appeal. The affidavit indicates that his efforts went so far as to file civil actions in the Superior Court in Middlesex County and the United States District Court for the District of Massachusetts seeking voluntary admission.

There is no showing in the record that these civil actions seeking voluntary admission have been decided adversely to Langton. We note that, in another Federal action, Langton claims that he is not a sexually dangerous person and that it would be a faulty and unfair decision to commit him to a treatment center.

We conclude that the single justice exercised sound judgment and committed no error in concluding that Langton has failed to demonstrate that he has no other remedy to secure treatment.

The judgment of the single justice vacating the order to compel the district attorney to petition for commitment is affirmed.

*So ordered.*

*William G. Billingham* for the defendant.

*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.