L.G.G. v. DEPARTMENT OF SOCIAL SERVICES & another.[1] May 18, 1999.
*Practice, Civil,* Action in nature of mandamus.

On April 6, 1998, the Department of Social Services (department) was noti-
fied by a mandated reporter pursuant to G. L. c. 119, § 51A, that L.G.G.
(petitioner) had allegedly sexually abused his four year old daughter. The
department commenced an emergency investigation and, on the same day, the
petitioner agreed to leave the family home and to remain away from the home
and his children during the course of the investigation. On April 7, the depart-
ment determined that it would support the § 51A report, see 110 Code Mass.
Regs. § 4.32(2) (1996), thus triggering an assessment process requiring it to
prepare a written assessment within forty-five days. See 110 Code Mass.
Regs. § 5.03 (1996).

On April 10, the petitioner filed in the District Court a care and protection
petition alleging that his children lacked his "proper attention and care." The
court dismissed the petition because the petitioner conceded that his wife was
providing adequate care for the children. On April 14, the petitioner filed in
the Supreme Judicial Court for Suffolk County a complaint seeking a writ of
mandamus compelling the department to file a care and protection petition
"against him" or, alternatively, compelling the District Court to "revive" his
petition and to "schedule a hearing within seventy two hours." On April 24, a
single justice of this court denied the petition, and the petitioner appealed.

We have repeatedly held that relief in the nature of mandamus is an
extraordinary remedy which will be granted only when there exists no other
adequate and effective remedy. *Callahan* v. *Superior Court,* 410 Mass. 1001
(1991). *Lutheran Serv. Ass'n of New England, Inc.* v. *Metropolitan Dist.
Comm'n,* 397 Mass. 341, 344 (1986). *Coach & Six Restaurant, Inc.* v. *Public
Works Comm'n,* 363 Mass. 643, 644 (1973). *County Comm'rs of Middlesex
County* v. *Sheriff of Middlesex County,* 361 Mass. 89, 90-91 (1972). At the
time that he filed his complaint seeking mandamus relief, the department's as-
sessment period had just begun, and the petitioner had not requested review of
the supported § 51A report through an administrative fair hearing. 110 Code
Mass. Regs. § 10.08 (1993). After the single justice denied the petition, the
petitioner timely requested, and the department scheduled, a fair hearing. If
the hearing officer renders a decision that is adverse to the petitioner, then he
may seek judicial review in the Superior Court pursuant to G. L. c. 30A,

---

[1]The juvenile session of the Salem Division of the District Court Department.

§ 14, and, if necessary, appellate review through the usual process. See, e.g., *Edward E.* v. *Department of Social Servs.*, 42 Mass. App. Ct. 478 (1997). Thus, because the petitioner did not lack an adequate and effective remedy, relief in the nature of mandamus was not warranted.

Additionally, the relief the petitioner sought in the county court, that is, an order compelling either the department to file a care and protection petition or the District Court to reopen the proceeding that he initiated, was "not a proper function of a writ of mandamus." *Channel Fish Co.* v. *Boston Fish Mkt. Corp.*, 359 Mass. 185, 187 (1971). Neither G. L. c. 119, § 51B, nor the department's own regulations require it to commence a care and protection proceeding in all circumstances in which it receives and investigates a § 51A report. "A court . . . may not properly exercise the functions of the executive branch of State government." *Matter of McKnight*, 406 Mass. 787, 792 (1990). "Where the means of fulfilling [a legal] obligation is within the discretion of a public agency, the courts normally have no right to tell that agency how to fulfil its obligation." *Id.* Moreover, the District Court properly dismissed the care and protection proceeding filed by the petitioner because the children were receiving adequate care from their mother.

We conclude that the single justice neither abused his discretion nor committed a clear error of law in denying the requested relief. Accordingly, the judgment of the single justice is affirmed.

*So ordered.*

The case was submitted on briefs.

*Kevin D. Cooper* for the plaintiff.

*Mary E. Murphy-Hensley*, Assistant Attorney General, for the defendants.