Lu, John T., J.

INTRODUCTION

The plaintiff, William Santiago (Santiago), brings this action seeking mandamus relief and an order that the defendant, the Clerk-Magistrate of Clinton District Court (Clerk-Magistrate), accept his application for a criminal complaint and schedule a hearing on the application. The Clerk-Magistrate moves to dismiss, arguing that, as a private citizen, Santiago’s rights to file a criminal complaint are limited to filing an application upon which the District Court must act, which it has done. The Clerk-Magistrate also argues Santiago has no right to challenge the denial of the application, regardless of the circumstances. This court agrees, and grants the Clerk-Magistrate’s motion to dismiss.

BACKGROUND

Santiago is an inmate at Souza-Baranowski Correctional Center (Souza-Baranowski). Between November and December of 2005, Santiago filed two applications for a criminal complaint with the Clinton District Court. Both of Santiago’s applications were based on the same alleged conduct; that a corrections officer at Souza-Baranowski, who had presided over a disciplinary hearing against Santiago, later submitted an affidavit in a *438 lawsuit that misrepresented what happened during the hearing. Santiago sought perjury charges against the officer.
Santiago filed the first application on November 8, 2005. Without a hearing, the Clerk-Magistrate denied the application because it was based on “insufficient evidence” and it “failed to comply with the grievance procedure under c. 127 sections 38E-38H.” The Clerk-Magistrate informed Santiago in writing that before Santiago could file an application he must first exhaust the grievance procedure. On November 25, 2005, Santiago filed a grievance, which was denied.
Santiago filed a second application with the Clinton District Court on December 20, 2005, which alleged the same conduct, and again requested that the officer be charged with perjuiy. In his second application, Santiago stated that he had filed a grievance, and it had been denied. The Clerk-Magistrate also denied the second application. In denying the second application, the clerk-magistrate indicated that the “Complaint failed to prosecute,” and again “fail[ed] to comply with the grievance procedure under Chapter 127 sections 38E-38H.” By letter dated January 12, 2006, the Clerk-Magistrate informed Santiago that the matter could not proceed unless he filed a civil complaint in the Worcester Superior Court seeking a judicial review of the denial.
Following the denial of his second application, Santiago filed this lawsuit, in which he requests this Court grant mandamus relief ordering the Clerk-Magistrate to accept his criminal complaint and hold a hearing on the application.

DISCUSSION

Analysis

The Clerk-Magistrate moves to dismiss. The Clerk-Magistrate claims that Santiago, a private citizen, has no right to challenge the denial of the application.
“[A] private citizen has no right to the issuance of a criminal complaint.” Victory Distributors, Inc. v. Ayer Division of the District Court 435 Mass. 136, 141 (2001). A private party’s rights in the criminal complaint process are limited to the right to file an application and the right to have the court take action on that application. Id. While a judge or clerk-magistrate cannot refuse to act on a private citizen’s criminal complaint, they are not bound to allow the application; if a judge or clerk-magistrate denies the application, a private citizen has no constitutional or statutory right to challenge that decision. Id. (“[o]nce a private party alerts the court of the alleged criminal activity through the filing of an application and the court responds to that application, the private party’s rights have been satisfied”). Even where a clerk-magistrate refuses to grant an application based on an erroneous interpretation of law, the complainant is not entitled to challenge the clerk-magistrate’s decision. Victory, 435 Mass. 142. This “is consistent with the notion that the right to pursue a criminal prosecution belongs not to a private party but to the commonwealth.” Id.
Santiago asks this court to grant mandamus relief ordering the Clerk-Magistrate to process his criminal complaint application. The Clerk-Magistrate has done so. The Clerk-Magistrate denied both of Santiago’s applications. The Clerk-Magistrate’s denial of Santiago’s application demonstrates that Santiago exercised his right to file his application, and that action was taken on his application. Santiago is entitled to nothing more. See Victory, 435 Mass. at 137 (denial of applications were evidence that plaintiff was not deprived of its right to file application, nor its right to have action taken on application). Santiago is asking this court to order the Clerk-Magistrate to grant his application for a complaint. The right to prosecute belongs to the Commonwealth. Victory, 435 Mass. at 142.
Santiago argues that he is entitled to mandamus relief because there was never a scheduled hearing on his application, nor was he given the opportunity to present evidence for the application. Santiago is not entitled to a hearing, nor does he have a right to present evidence to supplement his application. Victory, 435 Mass. at 141-42. Complainants do not have the right to probable cause hearings; probable cause hearings are held for the protection of the respondent or potential criminal defendant named in the application, not for the benefit of the complainant. Id. at 141-42.
Santiago also claims that he is entitled to mandamus relief because the Clerk-Magistrate erred in denying his application for failure to comply with the provisions of M.G.L.c. 127, §38E-38H. Assuming arguendo that Santiago is correct, this argument must fail because “in American jurisprudence ... a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.” Tarabolski v. Williams, 419 Mass. 1001, 1001 (1994) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Victory, 435 Mass. at 142 (complainant was not entitled to issuance of a criminal complaint even though the clerk-magistrate denied the application based on an erroneous interpretation of law).[1]
Relief in the nature of a writ of mandamus is extraordinary and may only be granted to prevent a failure of justice and where there is no other adequate and effectual remedy. Coach & Six Restaurants, Inc. v. Public Works Commission, 363 Mass. 643, 644 (1973). Santiago fails to show that he has suffered a violation of any substantive right. He is not entitled to mandamus relief.

ORDERS

Plaintiff William Santiago, a private citizen, is only entitled to have the defendant Clerk-Magistrate accept and act on his criminal complaint application. The Clerk-Magistrate did so. The defendant Clerk-Magistrate of the Clinton District Court’s motion to dismiss is ALLOWED.

If a judge or clerk-magistrate declines to issue a complaint, a private citizen may contact the attorney general or a district attorney to pursue the matter further. Victory, 435 Mass. at 143.