Lu, John T., J.
INTRODUCTION
The plaintiff, Manchester Housing Authority (Housing Authority) brings a claim for relief in the nature of mandamus, asking this court to order the State Retirement Board (Retirement Board) to execute a modification to the Massachusetts “218 Agreement,” which extends Social Security Benefits to certain state employees. Finding that the Retirement Board has discretion to deny such a request and that relief in the nature of mandamus is not a proper remedy for this administrative decision, the court grants summary judgment in favor of the Retirement Board.
BACKGROUND
In 1951, Congress amended §218 of the Social Security Act to allow states to secure Social Security coverage for employees of certain state instrumental-ities through an agreement with the Social Securily Commissioner.[1] 42 U.S.C. §418(a)(l). Massachusetts executed such an agreement in 1952. G.L.c. 118C, §3(a). The Housing Authority was not listed in the original agreement. The Massachusetts Legislature has authorized the Retirement Board to modify the 218 Agreement to include other instrumentalities when appropriate. Id. Under G.L.c. 118C, §4(a), an instrumentality of the Commonwealth such as the Housing Authority may request a modification to the 218 Agreement, extending Social Securily benefits to its employees.
The Housing Authority filed such a request in 2003. In January of 2004, the Retirement Board denied the Housing Authority’s application because “the facts and circumstances related to the request would run counter to the intent and language of the original 218 agreement.” In February 2007, Retirement Board officer William Egan issued a decision after a hearing, finding that “(t]he Housing Authority’s request violated the terms of the [218] Agreement, as well as the intent of the legislature in enacting [the state retirement system].” Decision of William Egan at 9. Egan found, among other things, that the intent of the 218 Agreement was to extend federal benefits to public employees who were not covered by a state retirement system. Because employees of the Housing Authority are also covered by a state retirement system, the Retirement Board rejected the plan.
DISCUSSION
I. Standard of Review
Summary judgment is granted where there are no genuine issues of material fact and where one party is entitled to judgment as a matter of law. Mass.R.Civ.R 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party may show that it is entitled to summary judgment either by submitting affirmative evidence negating an essential element of the opposing party’s case, Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), or by demonstrating “that the party opposing the motion has no reasonable expectation of proving an essential *225 element of [its] case.” Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006) (quotation marks omitted).
II. Scope of the Retirement Board’s Discretion
To succeed on its claim, the Housing Authority must show that the Retirement Board has no discretion in determining whether to modify the 218 Agreement. See Berman v. Retirement Board of Registration in Medicine, 355 Mass. 358, 360 (1969) (“Mandamus does not lie to compel an administrative agency to perform a discretionary act”).
At issue is the interpretation of the language of G.L.c. 118C, §4(a), which describes the circumstances under which the Retirement Board “shall” approve a plan: “(an instrumentality of the Commonwealth] is hereby authorized to submit for approval by the state agency a plan for extending benefits ... in conformity with applicable provisions of [the Social Security Act], to employees of such instrumentality.”
The Retirement Board determined that the Housing Authority’s request was not “in conformity with [the Social Security Act]” because it violated the terms of the 218 Agreement. Memo of the Retirement Board at 3. The Retirement Board found that the Housing Authority’s employees were excluded from coverage because they were “employee[s]... in a position which ... is covered by a retirement system.” Id. at 16. This would result in “a windfall for employees that have never contributed to Social Security.” Decision of William Egan at 8. The Retirement Board also found that the Housing Authority’s modification would violate the intent of the Social Security Act because the goal of the Social Security Act and its accompanying legislation is to extend coverage to public employees who are not otherwise covered. See 42 U.S.C. §402(b-e). The Retirement Board concluded that approving the Housing Authority’s modification would not conform with applicable provisions of the Social Security Act.
Massachusetts courts give “considerable deference to the expertise of [an agency] and accord ‘great weight’ to [an agency’s] interpretation and application of the statutoiy provisions it is charged with administering.” Gablaski v. Contributory Retirement Appeal Bd., 53 Mass.App.Ct. 1118, 1118 (2002), quoting Lisbon v. Contributory Retirement Appeal Bd., 41 Mass.App.Ct. 246, 257 n.10 (1996). See also Namay v. Contributory Retirement Appeal Bd., 19 Mass.App.Ct. 456, 463 (1985) (“courts . . . will normally accord great weight to an administrative agency’s interpretation ... of the law which the agency is charged to administer”). Particularly in the context of retirement law, Massachusetts courts defer to a state agency’s interpretation in this “difficult area of the law,” Blanchette v. Contributory Retirement Appeal Bd., 20 Mass.App.Ct. 487, 481, because it is “notoriously complex.” Namay, 19 Mass.App.Ct. at 463.
The court declines to read the statute as forcing the Retirement Board to approve or deny a modification plan without reasonable discretion. The language of the statute requires the Retirement Board to execute a modification only when it finds that the request “is in conformity with the requirements of the Social Security Act.” The court finds that §4(a) requires this determination to be made in an exercise of discretion by Retirement Board officers. This is especially true when one considers that the law requires the Retirement Board to provide notice and hearing. G.L.c. 118C, §4(b). The Retirement Board is by nature a discretionary body; the act of approving or denying a modification falls within this discretion.
III. Appropriateness of Relief in the Nature of Mandamus
Section 4(b) of chapter 118C requires the Retirement Board to provide “reasonable notice and an opportunity for a hearing” to the Housing Authority upon denial of its proposal for modification. The Retirement Board offered to conduct a hearing and the Housing Board accepted.[2] On May 25, 2007, the Associate General Counsel for the Retirement Board, William Egan, sent William Lundregan[3] a final decision based on a hearing conducted by the Retirement Board. The final decision denied the Housing Authority’s request for a modification of the 218 Agreement. Under the Retirement Board’s regulations, “after the issuance of a final decision . . . any person or appointing authority aggrieved by a final decision of any Agency in an Adjudicatoiy Proceeding shall be entitled to a judicial review thereof in accordance with G.L.c. 30A, §14.” 801 MA ADC 1.01(13). On June 5, 2007, Egan notified Lundregan of the Housing Authority’s right to appeal the Retirement Board’s decision to the Superior Court, pursuant to G.L.c. 30A, §14.
Because no statutoiy form of judicial review or appeal is provided in G.L.c. 118C, the appeal is controlled by G.L.c. 30A, §14, which sets out a specific method of judicial review for an appeal from a decision by a state administrative organization. It does not provide for relief in the nature of mandamus and this review must “be commenced in the court within thirty days after receipt of notice of the final decision of the agency.” G.L.c. 30A, §14.
The Housing Authority did not pursue that appeal. Instead, the Housing Authority contested whether or not the Retirement Board had the right to deny the request. The Retirement Board decided the issue and described a G.L.c. 30A, §14 appeal. Mandamus is not a proper remedy if any other effective remedy exists. See County Comm’rs of Middlesex County v. Sheriff of Middlesex County, 361 Mass. 89, 90-91 (1972) (“It is well established that mandamus does not lie if any other effective remedy exists”).
The Supreme Judicial Court has “resisted expansion of the application of mandamus proceedings” beyond situations where an administrative body has taken no action. Reading v. Att’y Gen., 362 Mass. 266, *226 269 (1972). Instead, the Supreme Judicial Court has endorsed the common-law rule “that mandamus is a remedy for [administrative] inaction and [is] not available where action has already been taken.” Rines v. Justices of the Superior Court, 330 Mass. 368, 373 (1953). Mandamus is not a proper remedy because the Retirement Board did render a decision on the Housing Authority’s request.
IV. The Retirement Board’s Decision
The Housing Authority should have appealed the Retirement Board’s decision pursuant to G.L.c. 30A. Section 14 of Chapter 30A lays out the standard of review: the court may remand a decision to the agency if “it determines that the substantial rights of any party may have been prejudiced because the agency decision is unsupported by substantial evidence.” G.L.c. 30A, §14(7)(e). “Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6) (internal quotes omitted).
There is substantial evidence to support the conclusions of the Retirement Board because the request violates the spirit of the 218 Agreement as well as the intent of the Social Security Act. The purpose of chapter 118C is to make federal benefits available to those who need them. G.L.c. 118C, §3(a). The statute should be interpreted toward this end. See Rowley v. Mass. Elec. Co. 438 Mass. 798, 802 (2003) (“A statute must be interpreted ... in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished”). Chapter 118C was enacted by the legislature for the purpose of extending “the basic protection accorded to others by the old age and survivors insurance system embodied in the Social Security Act.” G.L.c. 118C, §1. While the Social Securiiy Act extends coverage to dependents of an employee who retires with federal benefits, it disqualifies those dependents who are entitled to other coverage. 42 U.S.C. §402(b-e). Because it is an extension of the Social Security Act, Chapter 118C is likewise intended only to cover those who are not otherwise protected by a state pension.
Upon retirement, both social securiiy-eovered retirees and their dependents may be entitled to federal benefits. Prior to 1977, if dependents also retired with a state pension, they could receive both state benefits (as a primary recipient) and federal benefits (as a dependent). In 1977, Congress attempted to close this loophole by creating the Government Pension Offset. 42 U.S.C. §402(k). Under the Government Pension Offset, dependents are stripped of federal benefits if they are also entitled to state pensions. One exception to the Government Pension Offset occurs when a dependent’s “government pension is based on a job [which pays] Social Securiiy taxes on the last day of employment.” 42 U.S.C. §402(e)(7)(A) (2003).[4] Under this exception, a dependent could continue to receive both state and federal benefits.
Between December of 2002 and February of 2003, the Essex Regional Retirement Board transferred at least 10 retiring employees to the Housing Authoriiy for their last day of work.[5] The purpose of these transfers was to take advantage of the “last day of work” Government Pension Offset exception outlined above. Upon applying for federal benefits, the transferred retirees discovered that the Housing Authoriiy was not the included in the 218 Agreement. Thus, the retirees were still subject to the Government Pension Offset.
The Retirement Board was justified in denying the modification request. The purpose of chapter 118C is to “extend to employees of instrumentalities, and to the dependents and survivors of such employees, the basic protection accorded to others by the old age and survivors insurance system embodied in the Social Security Act.” G.L.c. 118C, §1. The statute does not apply to any worker to whom these basic protections have already been provided by the Commonwealth. Retirement coverage rightfully benefits only workers who pay into the system over a significant period of time during their employment.[6] The Essex Regional Retirement Board employees who transferred to the Housing Authoriiy only contributed to Social Securiiy on their last day of work.
There is substantial evidence to support the Retirement Board’s denial of the Housing Authority’s request.
ORDER
The defendant State Board of Retirement’s motion for summary judgment is ALLOWED.

Black’s Law Dictionary defines an instrumentality as “an agency through which a function of the state is accomplished.”

Executive Director of the Retirement Board, Nicola Favorito, denied the Housing Authority’s request for a modification to the 218 Agreement on January 27, 2004. On December 20, 2004, Favorito wrote Attorney William Lundregan, counsel for MHA, offering an opportunity for a hearing on “any available date on which you would be available.” On January 21, 2005, Lundgren accepted the offer and proposed possible dates for the hearing. On January 31, 2007, the Retirement Board’s Deputy General Counsel Kim Gainsboro issued a “Notice of Hearing,” scheduling the hearing for February 27, 2007. The hearing went forward as scheduled.

Counsel for the Manchester Housing Authority.

Congress closed this loophole in 2004.

This plan was apparently modeled after a similar scheme in Texas in which thousands of schoolteachers from districts covered only by state plans paid a fee to be transferred to districts covered by federal plans. In all, 39 Essex Regional Retirement Board employees paid $700 each to be transferred to the Housing Authority between December 2002 and February 2004.

The 2003 law which closed the “last day transfer” loophole, extended the amount of time for which an employee must pay into Social Security to 60 months.