NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12119

BHARANIDHARAN PADMANABHAN  vs.  BOARD OF
REGISTRATION IN MEDICINE & another.[1]


June 27, 2017.


Board of Registration in Medicine.  Administrative Law,
     Decision.

     The petitioner, Bharanidharan Padmanabhan, appeals from a judgment of a single justice of the county court dismissing his petition for relief in the nature of certiorari pursuant to G. L. c. 249, § 4.  On May 18, 2017, we issued an order affirming the single justice's judgment and indicated that this opinion would follow.

     In 2010, Padmanabhan, a medical doctor, was terminated from his position at Cambridge Health Alliance, a termination that he alleges was based on false claims that he harmed patients and in retaliation for certain actions that he took, including reporting purported insurance fraud.  Subsequent to his termination, the Board of Registration in Medicine (board) commenced disciplinary proceedings against him, and referred the matter to the Division of Administrative Law Appeals (DALA).[2] Following an evidentiary hearing that spanned eight days, the DALA magistrate issued his recommended decision in August, 2015. The board subsequently remanded the case to the magistrate, in

_____

     [1] Division of Administrative Law Appeals.

     [2] The parties do not specifically state, and the record before us does not appear to indicate, when exactly the Board of Registration in Medicine began its investigation of Padmanabhan. It issued its statement of allegations against him in July, 2014.

January, 2016, asking the magistrate to elaborate on certain parts of his decision and, among other things, to include credibility determinations and clarify certain inconsistencies in the decision. In March, 2016, the magistrate issued an order indicating that he was preparing a revised recommended decision for the board in response to the remand order.

Shortly thereafter, Padmanabhan filed a "Renewed Complaint in the Nature of a Petition for a Writ of Certiorari" in the county court. In the petition he argued that his due process rights had been violated in various ways during the course of the board proceedings. He also argued that the recommended decision issued by the magistrate in August, 2015, became final in February, 2016, pursuant to 801 Code Mass. Regs. § 1.01(11)(c)(3) (1998), and that his petition thus did not stem from, or seek relief from, an interlocutory ruling but rather what was, in effect, a final decision of the board. The board moved to dismiss the petition on the basis that the proceedings before it had not yet concluded and that it had not yet issued a final decision. The single justice dismissed the petition without a hearing.[3]

In his appeal, Padmanabhan continues to argue that the magistrate's recommended decision became the board's final decision pursuant to 801 Code Mass. Regs. § 1.01(11)(c)(3), and that his appeal is thus not interlocutory. The regulation provides that if an agency such as the board "fails to issue a final decision within 180 days of the filing or re-filing of [a] tentative decision, the initial decision shall become the final decision of the [a]gency, not subject to further [a]gency review." In Padmanabhan's view, the magistrate's recommended decision, issued in August, 2015, became the board's final decision in February, 2016, 180 days after it was issued. After the board received the recommended decision, however, it remanded the case to the magistrate for additional findings and

---

[3] Padmanabhan previously filed a similar petition for relief in the county court in 2014. In that petition, he sought review of the DALA magistrate's denial of his motion to dismiss the disciplinary proceedings. A single justice allowed DALA's motion to dismiss the petition on the basis that the magistrate's decision was interlocutory, not subject to judicial review at that time, and that Padmanabhan would be entitled to seek review pursuant to G. L. c. 112, § 64, at the conclusion of the disciplinary proceedings before the board. Padmanabhan did not appeal from the dismissal of this earlier petition.

clarification, pursuant to 801 Code Mass. Regs.
§ 1.01(11)(c)(2), and it did so within 180 days of having received the recommended decision. In other words, the remand was timely. In that circumstance, according to the board, when it recommits a tentative decision to the presiding officer -- in this case the DALA magistrate -- the 180-day period referred to in 801 Code Mass. Regs. § 1.01(11)(c)(3) will begin to run anew when a revised decision is refiled. See 801 Code Mass. Regs. § 1.01(11)(c)(2) ("[t]he same procedural provisions applicable to the initial filing of the tentative decision shall apply to any re-filed tentative decision after recommital").

We agree in the circumstances presented here that the board's decision was not yet final when Padmanabhan filed his petition in the county court, and that his attempt to have review at that juncture was premature.[4] We note as well that when the board issues a final decision, the appropriate avenue to seek review is by a petition pursuant to G. L. c. 112, § 64, not via a petition for relief in the nature of certiorari, as Padmanabhan filed here. See, e.g., Picciotto v. Appeals Court (No. 2), 457 Mass. 1002, 1002, cert. denied, 562 U.S. 1044 (2010), and cases cited ("certiorari relief designed to correct errors not otherwise reviewable by motion or by appeal" [quotation and citation omitted]). The single justice, in short, did not err or otherwise abuse his discretion in dismissing the petition.

Although Padmanabhan's argument regarding finality is ultimately unavailing, we are not unsympathetic to his situation. The board issued its statement of allegations against him in July, 2014, almost three years ago, and

---

[4] The circumstances here differ from those presented in McGuiness v. Department of Correction, 465 Mass. 660 (2013), where we also considered 801 Code Mass. Regs. § 1.01(11)(c)(3). In that case, a Civil Service Commission (commission) vote on whether to adopt a DALA magistrate's findings of fact and recommended decision resulted in a two-to-two tie. See id. at 662. We concluded that the tie vote amounted to a "failure to make a final decision" and, pursuant to 801 Code Mass. Regs. § 1.01(11)(c)(3), resulted in the magistrate's decision becoming the final decision of the commission by default. See id. at 666. In doing so we noted that the commission "did not fail to act for want of effort; it did not act because it could not, given the voting deadlock." Id. Here, however, the board did act.

Padmanabhan claims that his medical career has essentially been in limbo ever since. We do not condone the lengthy disciplinary process to which Padmanabhan has been subjected. Indeed, we have serious concerns about the potential for repeated recommitals and, in turn, repeated re-settings of the 180-day clock pursuant to 801 Code Mass. Regs. § 1.01(11)(c)(2), and to the elongated process that could result. In this case, as it turns out, the DALA magistrate issued his amended recommended decision in August, 2016, while this appeal has been pending, and the board has since adopted that decision and suspended Padmanabhan's license.[5] For Padmanabhan, therefore, it appears that the end of the administrative process is imminent. He now has the opportunity to pursue judicial review of the final decision of the board, which he may do pursuant to G. L. c. 112, § 64. In that appeal, he will be free to raise issues related to the procedural aspects of the disciplinary process and the length of time that process took in his case.[6]

For these reasons, we affirmed the judgment of the single justice.

Bharanidharan Padmanabhan, pro se.
Samuel M. Furgang, Assistant Attorney General, for Board of Registration in Medicine & another.

---

[5] In January, 2017, while this appeal was pending, Padmanabhan filed an "Emergency Injunction" in this court asking for a stay of any further proceedings before the board. The board opposed the attempt to prohibit it from issuing a final decision. A single justice denied the motion.

Counsel for the board stated at the oral argument of this case that the board has since adopted, with some modifications, the magistrate's amended recommended decision but that, at that point, the board had not yet determined whether to impose discipline. According to papers subsequently filed by Padmanabhan, the board issued an order of indefinite suspension on May 11, 2017, effective thirty days from that date.

[6] In addition to the concerns expressed above, we also are troubled by the fact that counsel for the board was unsure of the practical consequences of Padmanabhan's situation (e.g., whether he can effectively practice medicine, and get paid to do so, pending the board's decision). It behooves the board to understand its own disciplinary process and the effect of that process on those subject to it.