NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-10

BHARANI PADMANABHAN

vs.

BOARD OF REGISTRATION IN MEDICINE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Bharani Padmanabhan, appeals from the dismissal of his Superior Court mandamus action that sought an order compelling the defendant, the Board of Registration in Medicine (board), to act on his petition for reinstatement of his medical license. We affirm.

Background. In May 2017, the board indefinitely suspended the plaintiff's medical license.[1] The plaintiff did not appeal

---

[1] Before the board's decision was final, the plaintiff filed a petition for certiorari, arguing that a preliminary decision of a magistrate issued in 2015 violated his due process rights. The Supreme Judicial Court denied relief, ruling that the magistrate's decision was not the final decision of the board. Padmanabhan v. Board of Registration in Med., 477 Mass. 1026, 1027 (2017).

the board's decision, despite the fact that in June 2017 the Supreme Judicial Court alerted him that he "now has the opportunity to pursue judicial review of the final decision of the board, which he may do pursuant to G. L. c. 112, § 64." Padmanabhan v. Board of Registration in Med., 477 Mass. 1026, 1028 (2017).

In 2019, the plaintiff filed a petition with the board to reinstate his medical license. The board took no action on the plaintiff's petition.

In 2020, the plaintiff filed a mandamus action (2020 mandamus action) in Superior Court seeking an order compelling the board to act on his petition for reinstatement. After a judge dismissed the complaint, a panel of this court affirmed the dismissal in an unpublished memorandum and order, holding that "the plaintiff has not shown that the board had any legal duty to act on the petition." Padmanabhan v. Board of Registration in Med., 101 Mass. App. Ct. 1109, slip op. at 6 (2022) (Padmanabhan II), cert. denied sub nom. Padmanabhan v. Massachusetts Bd. of Registration in Med., 143 S. Ct. 1765 (2023).[2]

---

[2] The plaintiff subsequently filed a complaint in Superior Court against the executive director of the board, but did not serve the complaint on the office of the Attorney General. After the plaintiff moved for entry of default, a judge denied the motion. The plaintiff sought mandamus relief from a single justice of the Supreme Judicial Court, which was denied. The

2

In 2023, the plaintiff filed in Superior Court the present mandamus action (2023 mandamus action), again seeking to compel the board to act on his petition for reinstatement. On the board's motion pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), a judge dismissed the complaint. The judge ruled that claim preclusion barred the 2023 mandamus action, because it arose out of the same transaction and sought the same redress as the 2020 mandamus action. The judge further ruled that mandamus relief was inappropriate because the court could not compel the board to consider the reinstatement petition, which was a discretionary act, and the plaintiff was essentially seeking judicial review of his indefinite suspension from which he had not appealed. Judgment entered for the board, and the plaintiff appeals.

Discussion. We review de novo a dismissal under Mass. R. Civ. P. 12 (b) (6). See Ryan v. Holie Donut, Inc., 82 Mass. App. Ct. 633, 635 (2012).

Claim preclusion. "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action" (emphasis added, quotation

_____

Supreme Judicial Court affirmed the denial. Padmanabhan v. Executive Director of the Bd. of Registration in Med., 491 Mass. 1031, 1032-1033 (2023).

3

omitted).  Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005).  The basis for the doctrine is "that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit" (quotation omitted).  Id.  The doctrine of claim preclusion applies where three requirements are met:  "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (quotation omitted).  Id.

The plaintiff argues that the doctrine of claim preclusion should not apply because his petition in the 2023 mandamus action sought equitable relief, but his 2020 mandamus action sought legal relief.  In support of this argument, he quotes from the decision of a panel of this court affirming the dismissal of the 2020 mandamus action, which held that "the plaintiff has not shown that the board had any legal duty to act" (emphasis added).  Padmanabhan II, 101 Mass. App. Ct. 1109, slip op. at 6.  He argues that the panel's use of the word "legal" shows that the relief at issue in the 2020 mandamus action was different from the equitable relief that he sought in the 2023 mandamus action.  We are not persuaded, because his claim for equitable relief was "or could have been adjudicated," Korbin, 444 Mass. at 843, in his 2020 mandamus action.

4

We conclude that the gravamen of the 2023 mandamus action is the same as that of the 2020 mandamus action. Both actions "grow[] out of the same transaction" and "seek[] redress for the same wrong." LaRace v. Wells Fargo Bank, N.A., 99 Mass. App. Ct. 316, 325 (2021), quoting Fassas v. First Bank & Trust Co. of Chelmsford, 353 Mass. 628, 629 (1968). After unsuccessfully arguing in the 2020 mandamus action that the board had a "legal" duty to act on his petition, the plaintiff now argues that the board has "a recognized enforceable mandatory non-discretionary 'non-legal' duty" to act "even in the absence of a regulatory or statutory duty." Whether the plaintiff labels his claim as arising at law or in equity, it is the same. See LaRace, 99 Mass. App. Ct. at 325 ("[S]eeking an alternative remedy . . . does not allow a party to avoid the doctrine of claim preclusion and get a proverbial second bite at the apple" [quotation omitted]). See also Bagley v. Moxley, 407 Mass. 633, 637-638 (1990).

As to the remaining two requirements for claim preclusion, we agree with the judge that they were met here. The parties in the 2020 and 2023 mandamus actions are the same. The 2020 mandamus action ended with a dismissal under Mass. R. Civ. P. 12 (b) (6), which is a final judgment on the merits with preclusive effect. See Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 19 n.9 (2018) ("At least for res

5

judicata purposes . . . a dismissal under Mass. R. Civ. P. 12 [b] [6] is considered an adjudication on the merits"). That dismissal was affirmed on appeal. Padmanabhan II, 101 Mass. App. Ct. at 1109.

Mandamus. The judge ruled that mandamus relief would not be appropriate for two other reasons: a court may not compel the board to perform the discretionary act of considering the plaintiff's reinstatement petition, and the "crux" of the plaintiff's claim was about the merits of the indefinite suspension of his medical license, from which he failed to appeal. The plaintiff argues that the board is obligated by a "mandatory equitable duty" to act on his petition for reinstatement and seeks mandamus relief to compel the board to act.

Although we need not reach the issue, we agree with the judge that mandamus would not have been appropriate to compel the board to consider the plaintiff's reinstatement petition. "A complaint in the nature of mandamus is a call to a government official to perform a clear cut duty" (quotation omitted). Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001, 1001 (2012), cert. denied, 571 U.S. 872 (2013). See L.G.G. v. Department of Social Servs., 429 Mass. 1008, 1008-1009 (1999) ("extraordinary" mandamus remedy inappropriate to compel agency to file care and protection petition; plaintiff could seek

6

judicial review under G. L. c. 30A, § 14). According to board regulations, the reinstatement of the plaintiff's medical license "is addressed to the Board's discretion." 243 Code Mass. Regs. § 1.05(4) (2012). Thus the board's consideration of the plaintiff's reinstatement petition would plainly be a "discretionary act" outside the scope of a mandamus remedy. See Ardon, supra. The plaintiff misplaces his reliance on Doe, Sex Offender Registry Bd. No. 6969 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 533, 538 (2021), which held that the Sex Offender Registry Board had "inherent authority to reopen a classification proceeding and reconsider its decision" (quotation omitted); it did not hold that there was any affirmative equitable duty to do so.

We further agree that the plaintiff's 2023 mandamus action was an attempt to seek review of the merits of his indefinite suspension, from which he did not appeal. The plaintiff relies on Hoffer v. Board of Registration in Med., 461 Mass. 451, 456 (2022), which held that a doctor could obtain judicial review of the board's denial of -- but not failure to act on -- her petition to reinstate her medical license. The Hoffer court concluded that certiorari review under G. L. c. 249, § 4, was appropriate because "the board's order was not the result of an 'adjudicatory proceeding,'" and so the ordinary avenues of review under G. L. c. 112, § 64, and G. L. c. 30A, § 14, were

7

not available to Hoffer.  Hoffer, supra.  Here, by contrast, the board's indefinite suspension of the plaintiff's license was the result of an adjudicatory proceeding.  The plaintiff had available to him the ordinary avenues of review of his indefinite suspension under G. L. c. 112, § 64, and G. L. c. 30A, § 14, but did not avail himself of them.  See L.G.G., 429 Mass. at 1009 (affirming denial of mandamus relief where petitioner had alternative remedies).

Judgment affirmed.

By the Court (Massing, Henry & Grant, JJ.[3]),

Clerk

Entered:  November 22, 2024.

---

[3] The panelists are listed in order of seniority.